### HARRY VON TILZER MUSIC PUBLISHING CO. et al. v. LEO FEIST, Inc., et al.

District Court, S. D. New York.

June 2, 1941.

Goldie & Gumm, of New York City (William V. Goldie, of New York City, of counsel), for plaintiffs.

Julian T. Abeles, of New York City (Arnold J. Bernstein, of New York City, of counsel), for defendants.

CONGER, District Judge.

This is a motion by plaintiffs to continue its examination before trial of defendant Leo Feist, Inc., by its officers Abe Olman, Vice President, and Harry Link, General Professional Manager, and to stay the examination before trial sought to be taken by defendants of Harry Von Tilzer and the deposition of William Teller, Sr., until plaintiffs' depositions of defendant have been completed.

It appears that plaintiffs' notice of taking depositions of defendant Leo Feist, Inc., named Jack Robbins as the officer to be examined, but by arrangement of the attorneys Abe Olman was substituted. Plaintiffs' counsel claims that Olman is not the proper officer, in that Olman does not know all the facts, and that plaintiffs wish to continue the examination of defendant Leo Feist, Inc., through Harry Link. Defendant's counsel does not object to an examination of Link, but insists he is not an officer of defendant Feist, and that a notice must be served naming Link either as an officer of defendant's to be examined, or as an individual witness.

Upon the oral argument, I directed the examination of Abe Olman to continue and to be concluded in one full day. As to plaintiffs' requested ruling on certain questions asked of Olman which he failed or refused to answer, I suggested to the plaintiffs' counsel that he wait the completion of this examination and then make a proper motion under Rule 37, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Plaintiffs' request to continue the examination of defendant Leo Feist, Inc., through Harry Link, must be denied. Without deciding whether or not Harry Link is a managing agent of defendant Leo Feist, Inc., and hence whether his deposition is that of defendant Leo Feist, Inc., plaintiffs must serve a proper notice upon Leo Feist, Inc., naming Harry Link as an officer to be examined, or serve a notice upon defendants' counsel naming Harry Link as a witness to be examined. The mere fact that Olman cannot supply certain information which plaintiffs seek, does not give plaintiffs the right to examine the defendant Leo Feist, Inc., through Harry Link without a proper notice. See Orange County Theatres, Inc. v. Levy et al., D.C., 26 F.Supp. 416, opinion filed Nov. 10, 1938.

In so far as plaintiffs seek to stay the proposed examination of Harry Von Tilzer as a plaintiff and as an officer of Harry Von Tilzer Music Publishing Co., I will grant the requested relief and direct

98

that such examination proceed two days after the completion of the examination of defendant Leo Feist, Inc., through Abe Olman.

◼ Plaintiffs' motion with respect to the proposed examination by the defendants of William Teller, Sr., must be denied as Rule 30(a), F.R.C.P., affords the defendants this right. In the event that it becomes obvious that such party is being annoyed and harassed by defendants, an application for appropriate relief may be made under Rule 30(b), F.R.C.P.

Settle order on notice.