**Panagiotis PAVLOU, Plaintiff,**

v.

**OCEAN TRADERS MARINE CORPORA-TION and Orion Shipping and Trading Co., Inc., Defendants.**

United States District Court
S. D. New York.

March 27, 1962.

Standard, Weisberg & Harolds, New York City, for plaintiff (Louis R. Harolds, New York City, of counsel).

Healy, Baillie & Burke, New York City, for defendants (Thomas L. Rohrer, New York City, of counsel).

CROAKE, District Judge.

Defendants, Ocean Traders Marine Corporation, hereinafter referred to as "Ocean Traders," and Orion Shipping and Trading Co., Inc., hereinafter referred to as "Orion," move to dismiss the complaint pursuant to Rule 12(b) on the grounds of *forum non conveniens*. Ocean Traders also moves to vacate the plaintiff's notice of examination before trial of one Basil Goulandris as an adverse party on behalf of Ocean Traders.

In this civil action against the two corporate defendants, the plaintiff asks to recover damages for injuries sustained while he was employed as a seaman aboard the S/S CORINTHIAKOS, a merchant vessel flying the Greek flag and owned by Ocean Traders, a corporation organized under the laws of Liberia. Plaintiff alleges that jurisdiction is based upon:

> "The laws of the United States, common and statutory, for the protection of and for the health and safety of seamen at sea."

A substantial portion of the financial benefits resulting from its operation accrue to citizens and residents of the United States. Plaintiff alleges that in furtherance of the business of owning and operating the S/S CORINTHIAKOS, one or both defendants employed him as a member of the crew of the vessel.

The court will consider the motion to dismiss first, since this motion ultimately controls the disposition of both motions.

Defendants contend that this suit should be dismissed on the basis of the doctrine of *forum non conveniens*. Defendants argue that plaintiff is a Greek citizen; that the ship is registered in Greece and owned by a corporation organized under the laws of Liberia; and that the accident occurred in Canada.

Defendants also assert that plaintiff signed Greek shipping articles under which he agreed to be bound by Greek law.

In the light of these circumstances and the problems of proof and convenience of the parties, defendants urge that this is not the proper forum for the adjudication of this action.

The pleadings indicate that there is no dispute as to the ownership and registry of the ship, but the complaint alleges and affidavits submitted by plaintiff urge that the ship's registry in Greece is what is commonly referred to as a "flag of convenience"; that the Liberian corporation is in reality based in New York; and that a large segment of the common stock is owned by American interests. Plaintiff therefore argues that the common and statutory maritime law of the United States is applicable. Plaintiff denies that he signed any document pertaining to his service aboard the S/S CORINTHIAKOS by which he contracted to have Greek law govern his employment. In any event, this issue would not be determinative of this case for if other circumstances make the law of the United States applicable, defendants cannot avoid their duties under the law of the United States by contracting for the application of Greek law, at least with respect to any right of plaintiff under the Jones Act. An advance waiver of this type is contrary to the provisions of 45 U.S.C.A. § 55, which has been incorporated by reference in the Jones Act, 46 U.S.C.A. § 688. See also Bay State Dredging and Contracting Co. v. Porter, 153 F.2d 827, 829 (1st Cir. 1946). Thus this contractual provision, if it does exist, is only important as one of the circumstances to be taken into account in determining whether the law of the United States is applicable rather than forming the basis of a complete defense to this action. For the purpose of this motion, this court will assume that such a provision does exist.

As indicated, the defendants move for dismissal under the doctrine of *forum* *non conveniens*, urging that this court has the discretion to dismiss this case. Defendants' assumption as to the discretion of this court to decline or accept jurisdiction is incorrect. The claims asserted by plaintiff are alleged to be based upon:

"The laws of the United States, common and statutory, for the protection of and for the health and safety of seamen at sea."

In view of these allegations, the question presented to this court is not one of discretion; it simply is whether the laws of the United States described in the complaint are applicable to the circumstances of this case. In Bartholomew v. Universe Tankships, Inc., 2 Cir., 263 F.2d 437, 443 (2d Cir. 1959), the Court of Appeals stated:

"Moreover, this is not a matter resting in the discretion of the trial judge, as seems to have been thought to be the case here. The facts either warrant the application of the Jones Act or they do not. Under 28 U.S.C. § 1331, once federal law is found applicable the court's power to adjudicate must be exercised."

The force of this opinion appears to be that given a case where the Jones Act or other laws of the United States apply, this court has no power to dismiss on the grounds of *forum non conveniens*, no matter how inconvenient the forum may be to the parties or witnesses. Defendants rely on Gulf Oil v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and Mattolese v. Kaufman, 176 F.2d 301 (2d Cir. 1949). These cases involved the dismissal of action on the grounds that there were other forums within the United States, either federal or state, which were more appropriate for the adjudication of the controversy involving the application of the laws of the United States. It is quite another matter to contend that a litigant who has a right created under the laws of the United States may, because of facts and circumstances related to convenience and problems of proof, be relegated to a forum outside

of this country. Defendants also assert that this court recently exercised such discretionary powers in Montzouris v. National Shipping & Trading Co., 196 F.Supp. 482 (D.C.S.D.N.Y.1961). However, a careful reading of that opinion indicates that the court only exercised its discretionary powers after first determining that the Jones Act was inapplicable.

It is therefore apparent that before this court may enter upon any determination of dismissal pursuant to the doctrine of *forum non conveniens,* it is first necessary to decide whether the laws of the United States, and specifically the Jones Act, 46 U.S.C.A. § 688, are applicable.

In approaching this question, this court is mindful of the fact that most criteria enumerated in Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) do not appear to favor the application of United States law in this case. The plaintiff is Greek; the ship flies a Greek flag and is owned by a Liberian corporation; the accident occurred outside the territorial waters of the United States; and it is uncontested that as a practical matter plaintiff is a Greek seaman, although there is some dispute as to whether plaintiff signed any agreement for the application of Greek law. However, the Lauritzen decision also recognized that the allegiance of the defendant shipowners is an important consideration, and it was further recognized that under some circumstances the registry of the ship cannot be accepted as determinative of the allegiance of the owner. Plaintiff's opposition to this motion for dismissal is addressed specifically to the importance of this factor for, while plaintiff concedes the factual circumstances relating to the ship's registry, ownership and other factors, he urges that these circumstances do not indicate the true situation as to this ship's operation. Plaintiff contends that this ship is substantially owned by business interests in the United States and that the business of Ocean Traders, as managed by Orion, is based in New York, and that the S/S CORINTHIAKOS operated primarily from ports of the United States.

In addition to his opposing affidavits and memorandum of law, plaintiff has submitted the deposition of Henry P. Le Ber, Secretary-Treasurer of Orion, presumably for the purpose of demonstrating facts which support contentions as to the relationship between the two defendants and the operation of the vessel. It is clear that in motions of this kind depositions of the parties may be submitted and considered by the court. See 2 Moore's Federal Practice 2247–2257 (2d Ed.1961). It is also clear that since Le Ber is an officer of the defendant Orion, his deposition may be treated as binding upon Orion. The court also is of the opinion that the Le Ber deposition is binding upon Ocean Traders. As will be shown later, Le Ber testified that Orion manages the vessel on behalf of Ocean Traders. Under such circumstances, Orion is a managing agent for Ocean Traders, and testimony of officers of Orion should be binding upon Ocean Traders. It is the usual rule that a principal may be bound by the acts of the officers of its corporate agent. Obviously, no other rule could be applied where a corporation acts as a managing agent, for the corporate entity can only act through its officers.

The court is of the opinion that from the admitted facts which have been presented by the affidavits of both parties and the Le Ber deposition, the Jones Act and the general maritime law of the United States are applicable.

Ocean Traders was established as a corporate entity at the Orion offices by a New York attorney at the request of its stockholders for the sole purpose of owning the S/S CORINTHIAKOS, and this corporation, although organized under the laws of Liberia, has no office in Liberia. It is also admitted by counsel in argument and in the memorandum of law that the corporation has no formal offices in the usual sense anywhere in the world. After its formation, Ocean Traders delegated almost all functions

of management and operation of its business to Orion from its offices located in New York, and Orion in turn pays over to Ocean Traders residual profits accruing from these operations. While Ocean Traders may some day delegate similar management functions to other agents located in other parts of the world, the Le Ber deposition indicated that since its inception the business of Ocean Traders has been managed exclusively by Orion and that the S/S CORINTHIAKOS has operated only in the area referred to by defendants as the "dollar zone," which includes the United States and Canada. Charters for the vessel are obtained by Orion through Global Charter Company, another corporation occupying the same New York offices occupied by Orion. Personnel for the vessel, such as plaintiff, are brought from Greece to New York to serve on vessels managed by Orion. It is uncontested, for example, that plaintiff was transported to New York to work on another vessel owned by a Panamanian corporation and the business of which is similarly operated by Orion in New York. However, upon plaintiff's arrival the ship had sailed and plaintiff was offered employment aboard the S/S CORINTHIAKOS. Other matters of personnel administration were also handled by Orion. Indeed, Le Ber testified that injury reports connected with this case and payments for medical care were processed and paid by Orion.

The stockholders of Ocean Traders are represented by American, Canadian and Greek interests. However, 48½% of the stock is owned by United States citizens.

In reviewing these facts, the court does not wish to imply that its decision is based upon the belief that any sinister or secretive plan is involved in this arrangement. Indeed, from the facts presented, it is apparent that Orion operates many other ships in this manner for ownership corporations. It further appears that this arrangement results from the fact that many of the principal business interests involved in Orion also own substantial interests in the shipowning corporation; therefore, this business arrangement is a convenient way to operate a fleet of ships. However, when a mode and manner of doing business which have all the attributes of a domestic business operation, the business or corporation may become subject to the laws of this country, even though the more formal manifestations of the arrangement appear to be foreign. Of necessity, such a result follows when the situation, because of the nature of the business, involves statutory legal obligations on the part of an employer for the injuries of his or its employees. The Jones Act creates such a legal obligation. Congress enacted these statutory provisions governing certain business operations in this country to accomplish specific social objectives which were deemed advisable.

Although this court accepts the factual assertions of the defendants as to ship's registry, the organization of the owning corporation under the laws of Liberia and the nationality of the plaintiff, it concludes that Ocean Traders has given over the management of its business to Orion which operates as and is a domestic corporation of the State of New York.

The mode and manner of the business arrangement adopted by defendants is such a substantial and far-reaching contact with the United States when viewed against the legislative purpose of the Jones Act so as to reduce other factors to mere formal labels.

Under such circumstances, there is no reason why laws of the United States should not apply to the business arrangement maintained by defendants, even if they see fit to bring employees from Greece to man its ships. This is not the kind of case where the parties are free to bargain and choose whatever body of law they deem desirable, or where parties may avoid their statutory duties by adopting certain labels which make them appear foreign.

As noted in the Bartholomew case, supra, at p. 441 of 263 F.2d the process of decision in this type of case does not

simply involve an identification of applicable factors, but rather a weighing and evaluation of each factor. Based upon this analysis the court concludes that such factors as the ship's flag, the place of incorporation, and the plaintiff's nationality are far outweighed by the simple fact that this business operation is based in and operates from New York. Under such circumstances the Jones Act is applicable.

This court recognizes that the factor of base of operations was not emphasized by the Supreme Court in Lauritzen v. Larsen, 348 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). However, the court does not interpret that decision as an attempt by the Supreme Court to exhaust the factors which may be relevant. It is clear that there the court was only dealing with the circumstances which were present therein. Indeed, in the Bartholomew case, supra, at page 443 of 263 F.2d, the Court of Appeals of this Circuit interpreted the Lauritzen decision in this way. Further, persuasive authority exists to support the view that the base of operations of the persons directing the operations of the vessel is a factor making the Jones Act applicable. In Southern Cross Steamship Co. v. Firipis, 4 Cir., 285 F.2d 651 (1960), the court considered circumstances analogous to the instant case. The court held then that where the owning corporation employed a general agent based in New York who directed the operations of the vessel, the Jones Act was applicable, in spite of the fact that 80% of the stock of the owning corporation was held by Greek citizens. It follows, therefore, that in cases such as this where the business connections with the country where the ship is registered and the place of incorporation of the owning corporation are minimal, an analysis of the base of operations of those who actively manage and direct the vessel is a more meaningful approach to the solution of this problem. It is also significant that the S/S CORINTHIA-KOS generally engaged in chartering from the United States and Canada, further supporting the view that the business of Ocean Traders is primarily in an area where overall direction from New York was advantageous.

Defendant argues that the fact that this vessel operates from ports of the United States is of no consequence and has never been deemed to be a basis for the application of law of the United States. The court recognizes that the fact that ship calls at ports in the United States is not determinative but, as has been outlined above, much more than operating from United States ports is involved here. Defendant also takes the position that where more than 50% of stock of the corporation is foreign-owned, it should not be treated as an American corporation. The court does not agree. Percentage figures by themselves mean little for the purposes of determining de facto control of a corporation and where the participation of United States citizens reaches a level of 48½%, this factor if it were determinative, would not favor the non-application of United States law. Indeed, the extent of stock ownership of citizens of this country warrants the inference that basing the management of its business in New York was not fortuitous.

In any event, the court is of the opinion that the distribution of stockholders throughout the world is not a determinative factor when it is clear that the owning corporation has transferred the active operation of its business to another corporation which operates from the United States.

The Jones Act being applicable, this court also has jurisdiction to try any additional claims under the general maritime law. See Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1958). Defendants' motion to dismiss is denied.

Defendant, Ocean Traders, also moves for an order vacating the notice of deposition served by plaintiff for the examination of defendant through one

Basil Goulandris. This defendant objects to examination on the grounds that Goulandris is not a proper person through which defendant may be examined, and on the further ground that an examination has already been held. Plaintiff asserts that the examination is necessary to obtain further information as to the control of Ocean Traders and the relationship between Ocean Traders and Orion.

Due to the form of notice employed by plaintiff, it is impossible to determine in what capacity Goulandris is to be examined, and thus impossible to decide the respective positions argued by counsel. See Harry Von Tilzer Music Publishing Co. v. Leo Feist, Inc., 2 F. R.D. 96 (D.C. S.D.N.Y. 1941). That part of the motion of the defendant, Ocean Traders, to vacate the notice by plaintiff to examine Basil Goulandris is granted.