Zacharias **RHODITIS**, Libelant,

v.

**HELLENIC LINES, LTD.** and Universal Cargo Carriers, Inc., and the SS HELLENIC HERO, her engines, boilers, cargo, tackle, etc., Respondents.

No. 3165.

United States District Court
S. D. Alabama, S. D.
Oct. 4, 1967.

Ross Diamond, Jr., Diamond, Lattof & Favre, Mobile, for libelant.

George F. Wood, Pillans, Reams, Tappan, Wood & Roberts, Mobile Ala., for respondents.

DANIEL HOLCOMBE THOMAS, Chief Judge.

This action is brought by an alien seaman to recover for personal injuries sustained aboard the SS HELLENIC HERO on August 3, 1965, in the Port of New Orleans, Louisiana.

## FINDINGS OF FACT

1. Zacharias Rhoditis was a citizen of Greece serving aboard the SS HELLENIC HERO in the capacity of an A/B seaman on August 3, 1965, when he was injured.

2. The SS HELLENIC HERO is owned by Universal Cargo Carriers, Inc., a Panamanian corporation, flies the flag of Greece, and is managed by Hellenic Lines, Ltd., a Greek corporation.

3. Pericles G. Callimanopulos, a citizen of Greece, owns in excess of ninety five (95) per cent of the stock of both corporations.

4. Pericles G. Callimanopulos has resided in this country in excess of twenty (20) years.

5. The principal offices of the Respondents are located at 39 Broadway, New York, New York.

6. The SS HELLENIC HERO, at the time of this accident and continuing until the time of trial, was engaged in a regularly scheduled run between various Gulf ports of the United States and ports in the Middle East. One hundred (100) per cent of this vessel's income was from cargo either originating or terminating in United States ports.

7. The business operation of Respondents is clearly managed and operated from the United States.

8. The Libelant, an illiterate Greek seaman, was injured in the Port of New Orleans, Louisiana, when the SS HELLENIC HERO was being tied up to a dock in said Port.

9. The Libelant was injured as the proximate result of the negligence of the employees of the Respondents and the unseaworthiness of the equipment of the SS HELLENIC HERO. The Respondents offered no evidence in opposition to the claim on its merits.

## CONCLUSIONS OF LAW

Following the law announced in Lauritzen v. Larsen, 345 U.S. 571, 73 S. Ct. 921, 97 L.Ed. 1254, it would seem to us that the contacts in this case with this country are quite substantial. The Libelant was injured in the Port of New Orleans, Louisiana, aboard a vessel regularly engaged in a scheduled trade to and from the United States Gulf ports; the vessel and its controlling corporations are owned by a resident of the United States, having enjoyed his residency in this country in excess of twenty (20) years, and the operation was clearly managed, controlled and operated from this country. Under these facts, I hold that this Court has jurisdiction and that the

Jones Act is applicable. Bartholomew v. Universe Tankships, Inc., 2 Cir., 263 F.2d 437; Pavlou v. Ocean Traders Marine Corp., D.C., 211 F.Supp. 320; Southern Cross Steamship Co. v. Firipis, 4 Cir., 285 F.2d 651.

Turning to the question of damages, I find that the Libelant was disabled from performing his usual work of a seaman until March 10, 1966; I further find that his fractured leg had healed on March 10, 1966, without any permanent disability, although, on said date, the Libelant was still suffering with some pain and discomfort as a result of his injuries. Libelant's damages for loss of wages amount to ONE THOUSAND ($1,000.00) DOLLARS, and his damages for pain and suffering amount to the sum of FIVE THOUSAND ($5,000.00) DOLLARS. A decree in accordance with the foregoing will be entered.