Concacis **YOHANES**, Plaintiff-Appellant,

v.

**AYERS STEAMSHIP CO., Inc.,**
Defendant-Appellee.

No. 71–1246.

United States Court of Appeals, Fifth Circuit.

Nov. 16, 1971.

Rehearing Denied Dec. 8, 1971.

**350**

Shirley Ann Basile, David Gertler, New Orleans, La., for plaintiff-appellant.

Paul A. Nalty, William A. Ransom, III, New Orleans, La., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The appellant Yohanes complains of the district court's action in dismissing his complaint upon defendant's motion for summary judgment.[1] There is no dispute as to the material facts. We affirm.

Yohanes is a Greek seaman who sued for damages for personal injuries allegedly sustained aboard the S/S SKINOS on April 6, 1970, when the vessel was in the port of New Orleans. Yohanes brought suit under the Jones Act and general maritime law against the foreign chartered and owned corporations which owned and operated the vessel and the domestic corporation which acted as the general agent for the time-charterer of the vessel. The S/S SKINOS is a vessel of Greek registration and flag. The employment contract was entered into in Piraeus, Greece, and Yohanes signed aboard the vessel in Germany.

Our review of the record and briefs in this case convinces us that the district court did not abuse its discretion in granting the defendants' motion for summary judgment dismissing the complaint. The district court carefully considered the facts here involved in light of the factors outlined in Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). The court's detailed analysis was proper and we find that the record supports his conclusion that the Jones Act is not applicable [2] and that the court should decline jurisdiction of the general maritime claim on the grounds of *forum non conveniens.* Anastasiadis v. S/S Little John, 346 F.2d 281 (5th Cir. 1965), cert. denied 384 U.S. 920, 86 S.Ct. 1368, 16 L.Ed.2d 440 (1966).

The judgment is affirmed.

---

1. In its order the district court stayed its dismissal for ninety (90) days. The following is from the court's order:

   The judgment of dismissal is stayed for 90 days to allow the plaintiff to file his complaint in the proper foreign tribunal having jurisdiction. If defendants enter an unconditional appearance in the foreign tribunal, and file a bond for security or letter of undertaking in the amount of $100,000.00, the claims under the Jones Act and general maritime law will be dismissed. If defendants fail to do so, this order will be recalled.

2. Cf. Hellenic Lines, Ltd. v. Rhoditis, 412 F.2d 919 (5th Cir. 1969), affirmed 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970).