519 F.2d 82
 Walter A. MERREN, appearing herein as personal
representative of the Decedent,
making claim for the death of Douglas Merren, etc., Gloria
Murray De Sanchez, appearing herein as personal
representative of Arturo Miguel Sanchez,
etc., Plaintiffs-Appellants,
v.
A/S BORGESTAD et al., Defendants-Appellees.
 No. 75-1839
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Sept. 10, 1975.
 Charles R. Maloney, New Orleans, La., for plaintiffs-appellants.
 William E. Wright, New Orleans, La., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case involves the applicability of the Jones Act, 46 U.S.C. § 688, which provides a cause of action for injured seamen for their damages, to a case in which two sailors died in a shipboard accident. The district court granted summary judgment for defendant on the theory that the Act was not intended to cover plaintiffs such as those here, as the situation of those plaintiffs was brought out in the complaint, affidavits and depositions.[1]
 
 
 2
 The chief contention of plaintiffs on appeal is that they were not given complete discovery and that the district court should not have made his order in the current state of the litigation. Many interrogatories were left unanswered by defendant-appellee, perhaps because the trial judge only ordered that defendant answer those interrogatories which had to do with the court's power to adjudicate under the Act.
 
 
 3
 But the plaintiff raises form over substance in his attempt to have us send this case back for complete discovery. For, the facts before the court allowed it to properly come to the conclusion that no cause of action was stated under the criteria explicated in Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254, and Hellenic Lines, Ltd. v. Rhoditis, 1970, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252.
 
 
 4
 The facts available to the court allowed for findings according to the following Lauritzen criteria: a) Place of the Wrongful Act: The accident occurred off the coast of Japan; b) Law of the Flag: the ship involved sailed under the Norwegian flag; c) Allegiance of Domicile of the Injured: both decedents were Hondurans; d) Allegiance of the Defendant Shipowner: over 12,700 shares of the company were owned by Norwegians, around 300 by foreigners of which eight were owned by Americans; see Tamboris v. Kainis Compania Maritima, S.A., 5 Cir. 1971, 439 F.2d 1131; e) Inaccessibility of Foreign Forum: the plaintiffs received all the benefits to which they were entitled under Norwegian law, thus inaccessibility of its courts was no problem; f) Law of the Forum: the law of the forum is not imposed on defendants who are involuntarily made party to a suit in the forum, under Lauritzen. Finally, Rhoditis adds another factor the shipowner's base of operations. In the present case the documents available to the trial judge demonstrated defendants maintained no offices in the United States and were affiliated with no organization in the United States, except to the extent of having shipping agents who contracted in American ports for the use of the ship's services.
 
 
 5
 The only criterion mentioned in Lauritzen for which the facts are not unambiguous is "Place of Contract" whether the contract was signed in the port of New Orleans or whether it was signed on board. This factor is not of great significance in first place.[2] In any case, even if we assume the best case for plaintiff that the contract was signed in the city the case falls within the facts in Lauritzen, for in that case, too, the contract was signed in the city and not on the ship. The Supreme Court found in Lauritzen that the contract contemplated that Danish law would apply and that the specific contractual provision overrode the fact that the contract was signed in New York. In the present case the decedents signed the regular Norwegian articles and it is nowhere asserted that such articles contemplated disposition of injury cases according to American law.
 
 
 6
 In sum, all the facts necessary for the district court to come to the conclusion that the plaintiffs could not make out a Jones Act case were before the court. Any additional discovery would have no relevance to the decision and would thus be mere superfluity.
 
 
 7
 Affirmed.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409
 
 
 [1]
 A finding that the Jones Act was not intended to cover plaintiffs in a particular situation has been construed as a decision on the merits and not jurisdictional; see Lauritzen v. Larsen, 1953, 345 U.S. 571 at 574-75, 73 S.Ct. 921 at 924, 97 L.Ed. 1254 at 1263. Thus, the entry of summary judgment, rather than a dismissal, was proper
 
 
 [2]
 "The place of contracting in this instance, as is usual to such contracts, was fortuitous. A seaman takes his employment, like his fun, where he finds it; a ship takes on crew in any port where it needs them." 345 U.S. at 588, 73 S.Ct. at 931, 97 L.Ed. at 1271