For the reasons above stated, the appeal is hereby dismissed.

K. K. HALL, Circuit Judge, dissenting:

While I concur in the ultimate result effected by the majority, i. e., that the district court's judgment must stand, I do not find that this appeal is premature. The majority holds that the district court's order is a nonappealable interlocutory order in a "controversy" arising in a proceeding in bankruptcy. "Although the line of demarcation between proceedings and controversies is uncertain, it is generally accepted that questions between the bankrupt and his creditors . . . fall into the category of proceedings in bankruptcy." *Columbia Foundry v. Lochner*, 179 F.2d 630, 635 (4th Cir. 1949) [citations omitted]. This case did not involve a dispute over the right or title to property, but rather it pertained to a matter of administration of the estate in the disposition of claims. Here the district court ordered the bankruptcy court to re-examine whether the appellee's claims had been effectively compromised. I think that such an order falls squarely within the rule enunciated by the Fifth Circuit in *Gregg Grain Co. v. Walker Grain Co.*, 285 F. 156 (5th Cir. 1922), cert. denied, 262 U.S. 746, 43 S.Ct. 522, 67 L.Ed. 1212, where the court held that an order to reexamine claims filed by a creditor arose from a "proceeding" in bankruptcy.

The fact that the challenged order is interlocutory does not prevent this court from reviewing it under § 24(a) of the Bankruptcy Act, 11 U.S.C. § 47(a), as long as it does not relate to a preliminary or procedural matter. *Carolina Mills v. Corry*, 206 F.2d 76 (4th Cir. 1953). The lower court's order clearly relates to the substantive issue of an alleged compromise of the appellee's claim.

Accordingly, I find that this Court does have jurisdiction to hear this appeal under § 24(a) of the Bankruptcy Act. 11 U.S.C. § 47(a). I would affirm the judgment below on the reasoning of the district court.

**Alejandro NUNEZ–LOZANO, Plaintiff-Appellant,**

v.

**Oivind Lorentzen REDERI, Defendant–Appellee.**

**No. 80–3120**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Unit A

Dec. 5, 1980.

James A. Wysocki, Bonnie L. Zakotnik, New Orleans, La., for plaintiff–appellant.

Terriberry, Carroll, Yancey & Farrell, William E. Wright, New Orleans, La., for defendant–appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

GEE, Circuit Judge:

In November 1975, appellant Alejandro Nunez–Lozano, a citizen of Honduras, signed on as a seaman on a Norwegian vessel. While in Honduras, appellant had sent a letter to the Scandinavian Union in New Orleans requesting a seaman's job. When a reply letter made the job prospect appear promising, appellant came to New Orleans and secured work on the M/S NOPAL VEGA within a few weeks. His seaman's contract on the vessel, which is Norwegian registered and manned almost exclusively by Norwegians, was signed in New Orleans.

That same month, while the M/S NOPAL VEGA was docked at Monrovia, Liberia, appellant was struck in the eye by a piece of wire apparently thrown by the sanding machine, used to remove rust from the ship, which he and another seaman were operating. Although the eye was treated by a physician in Monrovia, it became infected and, on December 2, 1975, it was necessary for appellant to leave the ship for medical treatment at Abidjan, Ivory Coast. Appellant remained in a medical clinic there for about ten days, at which point, because his eye did not heal, the Norwegian Consul advised him to return to New Orleans and seek help from the Scandinavian Union. Norwegian authorities sent appellant by plane to New Orleans, where he received treatment which did not prevent the onset of blindness in the eye. Appellant received Norwegian compensation, and his medical and hospital bills were paid pursuant to the seaman's contract, crew's articles and Norwegian law. Appellant has remained in the United States since his treatment.

Appellee Rederi, the Norwegian corporation sued for damages by appellant under the Jones Act, moved for summary judgment based on the above facts, which are established by discovery and several affidavits. Appellee argued that summary judgment was appropriate because jurisdiction was lacking. After holding a hearing, the district court ruled that:

> Motion for summary judgment will be granted. The Court feels the contact in this case is insufficient for the Court to assume jurisdiction. Motion is granted.

An order consequently issued dismissing the case.

Appellant Nunez–Lozano contends that summary judgment was granted improperly, since contacts with the United States sufficed to establish jurisdiction.

The leading Jones Act case on the issues presented is *Lauritzen v. Larsen*, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), which lists criteria or "contacts" that "serve as an appropriate yardstick for a district court in deciding whether . . . [to] accept . . . jurisdiction of a controversy which is essentially foreign." *Anastasiadis v. S. S. Little John*, 346 F.2d 281, 283 (5th Cir. 1965), *cert. denied*, 384 U.S. 920, 86 S.Ct. 1368, 16 L.Ed.2d 440 (1966). Once adequate discovery is completed, which is the case here, *Lauritzen* criteria can properly be applied on summary judgment. *Yohanes v. Ayers Steamship Co., Inc.*, 451 F.2d 349 (5th Cir. 1971), *cert. denied*, 406 U.S. 919, 92 S.Ct. 1771, 32 L.Ed.2d 118 (1971); *Merren v. A/S Borgestad*, 519 F.2d 82 (5th Cir. 1975) (grants of summary judgment affirmed). *See Tamboris v. Kainis Compania Maritima, S. A.*, 439 F.2d 1131 (5th Cir. 1971) (dismissal of complaint affirmed).

As applied to this case, the *Lauritzen* criteria are:

(1) place of the wrong—Liberia;

(2) law of the flag—Norwegian:

(3) domicile of injured seaman—Honduras (at time of accident);

(4) allegiance of shipowner—Norway;

(5) place of contract—United States;

(6) accessibility of foreign forum—inapplicable, since benefits have been paid under the Norwegian compensation system;

(7) law of the forum—inapplicable when defendant was involuntarily made a party.

The shipowner's base of operations, which here is Norway except for some husbanding agents in the United States, is also to be considered. *Hellenic Lines v. Rhoditis*, 398 U.S. 306, 309, 90 S.Ct. 1731, 1734, 26 L.Ed.2d 252 (1970). *See Merren, supra* at 83 (shipping agents in United States insufficient to constitute "base of operations").

The district court decided correctly that jurisdiction should not be assumed. The place of the contract was in New Orleans; but the Supreme Court, while considering contractual situs as a proper jurisdictional criterion, has likewise deprecated its importance. *Lauritzen, supra*, 345 U.S. at 588, 73 S.Ct. at 931. Appellant urges, nonetheless, that jurisdiction should be taken since the existence of stockholders in "companion corporations" prove that appellee's corporate citizenship is not "exclusively Norwegian." Yet, although appellant is correct on this point, the record falls far short of establishing that this case is analogous to *Rhoditis*, where the Supreme Court found Jones Act jurisdiction in part because ninety-five per cent of the stock in a shipping corporation was owned by a United States domiciliary. Nor is it apparent how appellant's post–injury establishment of residence in the United States justifies taking jurisdiction, especially in light of the benefits and compensation owed and received from Norwegian sources and appellant's Honduran citizenship. The majority of important contacts in this case are elsewhere and do not justify our assumption of jurisdiction. The district judge did not abuse his discretion in so deciding. *Fisher v. Agios Nicolaos v.*, 628 F.2d 308 (5th Cir. 1980).

AFFIRMED.