Luis Alva DIAZ, Plaintiff-Appellant,

v.

Naviera HUMBOLDT and XYZ Insurance Company, Defendants-Appellees.

No. 82–3633.

United States Court of Appeals, Fifth Circuit.

Jan. 16, 1984.

Patrick D. McArdle, Brenda J. DeArmas-Ricci, John F. Nevares, New Orleans, La., for plaintiff-appellant.

Chaffe, McCall, Phillips, Toler & Sarpy, Derek A. Walker, Robert H. Murphy, New Orleans, La., for defendants-appellees.

Before GEE and GARWOOD, Circuit Judges, and EAST *, District Judge.

---

GEE, Circuit Judge:

This is an appeal from an order of the district court dismissing an action brought under the Jones Act, 46 U.S.C. § 688 (1976), and, alternatively, under general maritime law. The primary question is whether American law applies to appellant's claim and, if not, whether the district court abused its discretion in dismissing the case for forum non conveniens. We hold that American law does not govern appellant's claim and that the district court did not abuse its discretion. However, because we feel that the order of dismissal may fail adequately to protect appellant's interests, we vacate the order and remand the cause so that the district court may fashion a more appropriate order.

Plaintiff Luis Alva Diaz was employed by defendant Naviera Humboldt as a member of the crew of its vessel the M/V HUANDOY. Diaz is a citizen of Peru. Naviera Humboldt is a Peruvian corporation and none of its stock is owned by United States citizens.

Mr. Diaz alleges that in June 1982 in the course of his employment aboard the M/V HUANDOY he sustained serious and permanent injuries to his skull and that such injuries were caused by the negligence of Naviera Humboldt and the unseaworthiness of the M/V HUANDOY. The district court granted Naviera Humboldt's motion to dismiss Diaz's complaint for forum non conveniens.

In order to determine whether a case should be dismissed for forum non conveniens, the district court must first ascertain whether American or foreign law is applicable. *Chiazor v. Transworld Drilling Co.,* 648 F.2d 1015, 1017–18 (5th Cir.1981), *cert. denied,* 455 U.S. 1019, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982). Once it finds that American law applies, the district court should entertain the suit. *De Oliveira v. Delta Marine Drilling Co.,* 707 F.2d 843, 845 (5th Cir.1983) (on rehearing). Because the district court dismissed today's action for forum non conveniens, it implicitly found

---

* District Judge of the District of Oregon, sitting    by designation.

that foreign law applies. This choice of law determination is subject to our *de novo* review. *Bailey v. Dolphin International, Inc.,* 697 F.2d 1268, 1274 (5th Cir.1983).

■ Choice of law is determined by several factors spelled out in *Lauritzen v. Larsen,* 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), and *Hellenic Lines Ltd. v. Rhoditis,* 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970). These are:

(1) Place of wrong—United States;

(2) Law of the flag—Peru;

(3) Domicile of injured seaman—Peru;

(4) Allegiance of shipowner—Peruvian corporation;

(5) Place of contract—Peru;

(6) Accessibility of foreign forum—Peruvian courts are available;

(7) Law of the forum—inapplicable when defendant is involuntarily made a party;

(8) Base of operations—disputed.

*See Nunez-Lozano·v. Rederi,* 634 F.2d 135, 137 (5th Cir.1980).

Diaz argues that Naviera Humboldt's base of operations is the United States. In support of this contention, Diaz relies on the following facts:

(1) Six of Naviera Humboldt's vessels have called at United States ports.

(2) Naviera Humboldt is plaintiff in a lawsuit in an American court suing in admiralty and in contract to enforce its business dealings.

(3) The district court had granted a temporary restraining order against Naviera Humboldt based on an affidavit by Diaz's attorney stating that Naviera Humboldt was planning to ship Diaz out of the country because he had retained American counsel.

(4) Naviera Humboldt has a broker and husbanding agents in New York.

■ The contacts necessary to create an American base of operations must be substantial. *Fisher v. Agios Nicolaos V,* 628 F.2d 308, 317 (5th Cir.1980), *cert. denied, sub nom., Valmas Brothers Shipping, SA v. Fisher,* 454 U.S. 816, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981). Indeed, the foreign owner must be engaged in an "extensive business operation" in this country. *Rhoditis,*

398 U.S. at 310, 90 S.Ct. at 1734. As we have previously stated, "[W]e do not, of course, intimate that doing *any* amount of business in a U.S. port, however minor, is alone sufficient to establish a 'substantial base of operations.'" *Fisher,* 628 F.2d at 317 n. 17 (emphasis in original).

■ An important consideration for determining the base of operations is the location at which day-to-day operating activities are conducted. *Chiazor,* 648 F.2d at 1019. *Accord Phillips v. Amoco Trinidad Oil Co.,* 632 F.2d 82, 88 (9th Cir.1980), *cert. denied, sub nom., Romilly v. Amoco Trinidad Oil Co.,* 451 U.S. 920, 101 S.Ct. 1999, 68 L.Ed.2d 312 (1981); *Cruz v. Maritime Co. of Philippines,* 549 F.Supp. 285, 288–89 (S.D.N.Y.1982), *aff'd,* 702 F.2d 47 (2d Cir.1983); *Pavlou v. Ocean Traders Marine Corp.,* 211 F.Supp. 320, 325 (S.D.N.Y.1962). Naviera Humboldt maintains no office or representative in the United States and manages the daily operations of its vessels from outside the United States. While Naviera Humboldt has used American husbanding agents, the mere use of such agents or brokers who contract in American ports for the use of the ship's services is insufficient to establish an American base of operations. *Merren v. A/S Borgestad,* 519 F.2d 82, 83 (5th Cir.1975). *Accord Cruz,* 549 F.Supp. at 289 (if the use of an American agent required the application of American law, "virtually all foreign shipowners whose vessels sail to and from American ports would find themselves subject to the nation's maritime tort laws"); *Hazell v. Booth Steamship Co.,* 436 F.Supp. 561, 564 (S.D.N.Y. 1977).

■ Nor does the fact that Naviera Humboldt's vessels have called at United States ports support a finding of an American base of operations. The mere fact that a vessel periodically visits this country is insufficient to establish such a base. *Volyrakis v. M/V Isabelle,* 668 F.2d 863, 868 (5th Cir.1982). *Accord Hazell,* 436 F.Supp. at 563–64; *Pavlou,* 211 F.Supp. at 325. Finally, the mere existence of a temporary restraining order against Naviera Humboldt and the fact that Naviera Humboldt is a

plaintiff in another lawsuit has no relevance to the establishment of an American base of operations. Thus, we find that Naviera Humboldt did not have a base of operations in the United States.

█ Consequently, the only *Lauritzen/Rhoditis* factor pointing toward the application of American law is the place of the wrong. The fact that a plaintiff's injuries occurred in American waters "is purely fortuitous, and a factor of minimal importance" in supporting application of American law. *Koupetoris v. Konkar Intrepid Corp.,* 535 F.2d 1392, 1396 (2d Cir.1976). *See also Lauritzen,* 345 U.S. at 583, 73 S.Ct. at 928 ("[t]he test of location of the wrongful act or omission, however sufficient for torts ashore, is of limited application to shipboard torts, because of the varieties of legal authority over waters she may navigate"). We therefore hold that American law is not applicable to this case.

Diaz argues that he was not given complete discovery, that "the decision of the district court was premature and [that] this case should be remanded to allow for a full exposition of the facts on the record." We disagree. The documents and affidavits in the record demonstrate that Naviera Humboldt maintains no offices in the United States, is not owned or controlled by United States citizens, and manages the day-to-day operations of its vessels from outside the United States. As we stated in *Merren,* 519 F.2d at 83:

> In sum, all the facts necessary for the district court to come to the conclusion that the plaintiffs could not make out a Jones Act case were before the court. Any additional discovery would have no relevance to the decision and would thus be mere superfluity.

The record is sufficient for us to find that American law is not applicable to this case. *Cf. In re Ta Chi Navigation (Panama) Corp., S.A.,* 462 F.Supp. 260, 267 (S.D.N.Y. 1978) (remand for factual hearing to determine whether defendant corporation was American-owned at time of accident).

█ When a court determines that foreign law applies to a case, it should consider the various private and public interests involved before dismissing a case for forum non conveniens. *Chiazor,* 648 F.2d at 1019. This determination is committed to the sound discretion of the trial court. *Bailey,* 697 F.2d at 1274. We may reverse a district court's decision on a motion to dismiss for forum non conveniens only if its action constitutes a clear abuse of discretion. *Id.* Diaz does not argue in his brief that the district court abused its discretion. In any event, we find that the district court properly dismissed the suit for forum non conveniens.

Although Naviera Humboldt has stipulated that it will submit to the jurisdiction of a Peruvian court, we feel that to protect the interests of Diaz the dismissal should be made conditional. We therefore vacate the order of dismissal and remand the cause so that the district court may fashion an order of dismissal based on appropriate conditions. We suggest that consideration be given to conditioning the dismissal on the following: that Naviera Humboldt submit to service of process and jurisdiction in the appropriate Peruvian court in which Diaz shall have filed suit within 90 days of the order of dismissal; that Naviera Humboldt formally waive in the Peruvian proceeding any statute of limitations defense that has matured since the commencement of this action in the Eastern District of Louisiana; that Naviera Humboldt formally agree in the Peruvian court to make available in Peru all relevant witnesses and documents within its control; that Naviera Humboldt formally agree in the Peruvian proceeding to satisfy any final judgment rendered by such court; and that should Naviera Humboldt fail to meet promptly any of these conditions, the district court will resume jurisdiction over the case.[1] *See Vaz Borralho v. Keydril,* 696 F.2d 379, 394–95 (5th Cir.1983).

---

1. We wish to emphasize that the order of dismissal need not contain all of the suggestions made above, nor is the district court precluded, upon further consideration, from adding other conditions or modifying those suggested here.

The judgment of the district court is vacated and remanded for proceedings consistent with this opinion.

VACATED and REMANDED.