**DICKSON MARINE, INC., et al.,**

v.

**AIR SEA BROKER, LTD.**

Civil Action No. 95–3377.

United States District Court, E.D. Louisiana.

July 7, 1997.

John Thomas Nesser, III, David S. Bland, Elton A. Foster, Nesser, King & LeBlanc, New Orleans, LA, for Plaintiffs.

Andrew Struben deKlerk, George A. Frilot, III, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, for Air Sea Broker Ltd.

## ORDER AND REASONS

FALLON, District Judge.

Before the court is the defendant's motion for dismissal for forum non conveniens. For the following reasons, the defendant's motion is granted.

## BACKGROUND

The instant case arises from the capsize of a rig and/or liftboat off the coast of Africa near Port Gentil, Gabon.[1] The rig at issue is known as the L/B Dickson IV and was owned and operated by the plaintiffs Power Well, and Power Offshore and was under charter to Dickson Marine, Inc. and Dickson GMP International, Inc. (both of the Dickson plaintiffs will be referred to herein as "Dickson").

The events leading to the present litigation developed in the following manner. In an attempt to repair the L/B Dickson IV, Dickson Marine contacted Panalpina, Inc. (an American corporation). Because they were unable to help the plaintiffs directly, Panalpina Inc. referred Dickson to Air Sea Broker (hereinafter ASB). ASB orchestrated an arrangement with Dickson to have the repairs done in Gabon with Panalpina Gabon (a Gabonese corporation) directing the operation. Panalpina Gabon subsequently contacted two other Gabonese corporations, SATRAM and SEMTS, to supply equipment and conduct the actual repairs on the rig. On September 23, 1992, the L/B Dickson IV sustained sig-

---

1. Gabon is a small African country located on the west coast of the continent directly on the equa-  tor.

nificant property damage when it capsized during repairs to its port leg. Following the incident, the plaintiffs sued Panalpina, Inc., Panalpina Gabon, ASB, SATRAM, and SEMTS alleging that their negligence caused the damage to the L/B Dickson IV.

Since the initiation of this action, all of the defendants, with the exception of ASB, have been dismissed or have failed to appear. As the only remaining defendant, ASB brings the instant motion seeking a dismissal of this case for forum non conveniens. ASB asserts that it is a foreign corporation with minimal connections to the United States, that all of the significant witnesses are located outside of the United States, that the only affiliate of the Panalpina group located in the United States had virtually nothing to do with the repair work at issue, and that foreign law will most likely apply. ASB contends that this Court should utilize its broad discretionary power under the forum non conveniens doctrine to dismiss this case to the available and alternate forum of Switzerland.

The plaintiff asserts that the motion to dismiss should be denied because the forum non conveniens doctrine must only be utilized in the very extreme circumstance in which the defendant would be greatly harmed by the continuation of a trial in a particular location. The plaintiff argues that such conditions are not present in the instant case asserting that all of the plaintiffs in the present case are Louisiana residents, that all of the witnesses with any knowledge of the repair arrangements or the operation of the rig are located in Louisiana, that no witnesses other than ASB personnel are located outside the United States, that one of the corporate affiliates of ASB (Panalpina, Inc.) is located in New Orleans, that ASB has come to this country on many occasions to conduct its business, and that all of the repairs following the accident were conducted by plaintiffs employees and American contractors located in this country.

### LEGAL STANDARD

A dismissal for forum non conveniens is a two step inquiry for which the moving party, the defendant, bears the burden of proof. The motion will be granted if the defendant is able to prove that a balancing of private and public interests favors a dismissal to an available and alternate forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Unless the defendant is able to prove that the balance weighs strongly in his favor, the plaintiff's choice of forum should rarely be disturbed. *Id.* The first step of the examination requires the defendant to prove the existence of an available and alternate forum. *Syndicate 420 at Lloyd's London v. E & O Underwriters*, 796 F.2d 821, 828 (5th Cir.1986). If that inquiry is satisfied, the next step demands a balancing of public and private interest factors. *Id.; Gilbert*, 330 U.S. at 505, 67 S.Ct. at 841–42.

### ANALYSIS

The forum non conveniens doctrine was developed to allow a defendant to change the venue of a case to a location which best serves the convenience of the parties and the ends of justice. It also addresses the potential temptation for a plaintiff to force a trial at an inconvenient place for his adversary and allows a court to resist imposition upon its jurisdiction even when a general venue statute authorizes jurisdiction. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947).

■ The defendant bears the heavy burden of proving every factor for a forum non conveniens dismissal. *In re Air Crash Disaster Near New Orleans, Louisiana*, 821 F.2d 1147, 1164 (5th Cir.1987). This district has stated that the implementation of forum non conveniens as a grounds for dismissal should be severely limited. *Diaz v. Reinauer Transportation Companies, Inc.*, 1989 WL 106472 (E.D.La.1989).

### A. Adequate and Available:

■ The first step in a forum non conveniens analysis requires a determination of whether an adequate and available alternative forum exists for the resolution of the dispute. *Piper Aircraft v. Reyno*, 454 U.S. 235, 254, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981); *see also Syndicate 420 at Lloyd's London v. Early American Insurance Co.*,

796 F.2d 821, 828 (5th Cir.1986). This two pronged inquiry is necessary because the doctrine presupposes the existence of at least two forums in which the defendant is amenable to service of process. *Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843. A forum is considered available when the entire case and all of the parties come within the jurisdiction of that forum. *Syndicate 420,* 796 F.2d at 830. In the instant case, the defendant points to the plaintiffs' invocation of legal proceedings and initiation of actions to preserve its legal rights in both Gabon and Switzerland as evidence that those forums are available. According to defendant's exhibits 1 & 2, the plaintiff and its hull underwriter both filed a "Zahlungsbefehl" (Order to Pay) in Switzerland, which is a Swiss legal document that interrupts the prescriptive period and preserves a party's legal rights. The filing of this document by the plaintiff in 1993 clearly represents an intention, at least at that time, to preserve its legal rights against ASB in Switzerland. Often the availability of an alternate forum is also contingent upon whether the defendant will submit to jurisdiction in that forum. The evidence supports the conclusion that ASB would submit to this condition because it initiated this dismissal motion and because it's headquarters and principal place of business are located in Switzerland. Therefore, the Swiss forum would satisfy the requirements of availability established in this circuit. *Syndicate 420,* 796 F.2d at 829–30.

It is also necessary to condition a forum non conveniens dismissal so that the defendant will not attempt to inhibit the plaintiff from bringing suit in the other, more convenient forum. In cases involving foreign courts, the Fifth Circuit has conditioned dismissal on whether the foreign court will acknowledge the American court's decision allowing the plaintiff to bring suit in that alternative forum. *In re Air Crash,* 821 F.2d at 1166. If the defendant is found to restrict or prejudice the plaintiff's ability to bring the case in the foreign court then the plaintiff will have relief in the form of reinstating the action in an American forum. *Id.*

The adequacy determination is resolved by whether the remedy and procedural fairness available to the plaintiff in the alternate forum are similar to those which would have been available in the original forum. *In re Air Crash Disaster,* 821 F.2d at 1165; *Syndicate 420,* 796 F.2d at 830. A foreign forum can be considered adequate despite the fact that the parties may not receive all of the benefits of an American court. Furthermore, a difference in substantive law governing an action should not be given conclusive or even substantial weight in a forum non conveniens inquiry. *Reyno,* 454 U.S. at 247, 102 S.Ct. at 261–62; *Syndicate 420,* 796 F.2d at 829. However, the Supreme Court has recognized some instances in which the remedy afforded by the alternative forum might be so clearly inadequate or unsatisfactory that the "dismissal would not be in the interests of justice." *Reyno,* 454 U.S. at 254, 102 S.Ct. at 265.

This Court finds that Switzerland represents an adequate forum. As ASB points out, Switzerland recognizes causes of action for both contract and tort and both the plaintiff and its insurer have protected their interests and stated the full amount of their damages in legal documents on file in Switzerland.[2] By filing in an alternate forum, the plaintiff obviously has anticipated advocating its claim there and the amount of money claimed by the plaintiff seems sufficient when compared to the damages sought in this forum. In this case, the remedies, although not addressed by the plaintiffs, appear similar to those available in the United States and do not seem to be so inadequate or unsatisfactory as to characterize the dismissal as adverse to the interests of justice.

## B. *Private and Public Interest Factors:*

If a court finds that a foreign forum is both available and adequate, it must then proceed to the second step of the analysis which balances a varied assortment of public and private interest factors. *In re Air Crash,* 821 F.2d at 1165. Because the defendant bears a heavy burden in the forum non con-

---

**2.** The "Zahlungsbefehlen" filed by Dickson and its insurer establishes claims of more than 5 million dollars plus 15% interest against the defendant.

veniens analysis, the balance must weigh strongly in his favor for the motion to be granted. *Id.* This burden is only overcome when the private and public interest factors clearly point towards trial in the alternate forum. *Reyno,* 454 U.S. at 255, 102 S.Ct. at 265–66.

### 1. Private Interest Factors

■ In Gilbert, the Supreme Court enumerated the list of private factors which must be considered for a forum non conveniens dismissal. Courts must look to: (1) the ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of the witnesses; (3) the cost of attendance for the witnesses; (4) the enforceability of any judgement rendered by this court; and finally (5) all other factors which will make the trial easy, expeditious, and inexpensive. *Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843.

Unlike the determination of an available and adequate forum, the balance of private interests is fiercely debated between the parties. Dickson and ASB both dispute the determination of the first three factors of the *Gilbert* analysis. However, the defendant is more persuasive simply because all of the ASB and Papalina Gabon witnesses, as well as almost everyone associated with the actual repair of the rig giving rise to this suit, are located overseas. Furthermore, the plaintiff's assertion that a majority of the defendant's witnesses and evidence must be located in Louisiana because of Panalpina, Inc.'s location in the United States is not compelling. Panalpina, Inc. had nothing to do with the transaction in question other than to refer Dickson to its sister company ASB. Therefore, it strains credulity to suggest that it will supply a large number of material witnesses or evidence. This Court also finds that the enforceability of judgement factor clearly weighs in the defendant's favor. Because they are a Swiss company, a Swiss court's ruling would obviously bind ASB. Although this Court recognizes that all of the plaintiffs are Louisiana residents, and that a

presumption exists in favor of plaintiffs who chose to litigate in their home forum, this Court believes that the private interests weigh heavily in the defendant's favor.

### 2. Public Interest Factors:

■ Although the private interest factors weigh in favor of dismissal, this Court must balance that determination with a number of public interest factors enumerated by the Supreme Court for a forum non conveniens dismissal. *Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843. Under the *Gilbert* public interest balancing test, courts must look to: (1) any administrative difficulties flowing from a courts congestion; (2) the burden of jury duty on citizens having no interest in the dispute; (3) the local interests of having a localized controversy decided at home; and (4) any difficulties which may result from the application of foreign law. *Id.*

As a threshold matter for a public interest analysis, it is appropriate to consider whether American or foreign law applies. *Diaz v. Humboldt,* 722 F.2d 1216 (5th Cir.1984). Although not determinative, if American law applies, a court will be less likely to dismiss this case. To make this conflict of law determination, one must look to the law of the forum state in which the 28 U.S.C. § 1332 diversity jurisdiction was granted. *Sandefer Oil & Gas, Inc. v. AIG Oil Rig of Texas, Inc.,* 846 F.2d 319, 321 (5th Cir.1988). Because diversity jurisdiction was granted in Louisiana, it is necessary to review the recent codification of the conflicts of law provisions in Book IV of the Louisiana Civil Code. Three provisions of the Louisiana code pertain to the present issue. The general provision governing all Louisiana choice of law questions is stated in *La.Civ.Code* art. 3515 which declares:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states [3] is governed by the law of the state whose policies would be most seriously impaired if its laws were not applied to that issue.

La.Civ.Code art. 3516.

---

**3.** "State" denotes any foreign country or territorial subdivision that has its own system of laws.

That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in light of: (1) the relationship of each state to the parties and the dispute, and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Furthermore, Louisiana has codified more specific rules for the tort and contract actions at issue in the present case. La.Civ.Code Art. 3542 states the general rule for delictual and quasi–delictual obligations. Art. 3542 requires an analysis into the pertinent contacts of each state to the parties and events giving rise to the dispute such as the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship between the parties was centered. The defendant discusses several factors that point away from Louisiana's interest in this litigation. First, the accident and all of the events surrounding its occurrence happened in Africa. Second, the defendant's location and principal place of business is in Switzerland. Under the Art. 3542 analysis, both of these factors point towards Swiss law as the proper choice for the tort element of the plaintiffs' claim.

La.Civ.Code Art. 3537 indicates the general rule for conventional obligations. Article 3537 requires an analysis into the pertinent contacts of each state to the parties and the transaction including the place of negotiation, formation and performance of the contract, the location of the object of the contract and the place of business of the parties. The object of the contract (the rig) was located in Africa, all of the defendants are located in Switzerland or Africa, and the place of formation and performance of the contract seems to be in both Switzerland and Gabon. These factors also point away from Louisiana's interest in this dispute.

Nevertheless, despite the fact that the choice of law issue is a threshold issue and that Swiss law may apply, it is not, ipso facto, determinative of a forum non conveniens dismissal. The plaintiffs rely on a factually similar Fifth Circuit case as precedent for when a forum non conveniens dismissal should be denied even when foreign law applies. *Schexnider v. McDermott Intern. Inc.,* 817 F.2d 1159 (5th Cir.1987). In that case, an American seaman brought an action against an Australian shipowner and a charterer for injuries sustained on board the ship. *Id.* However, the facts of that case are distinguishable from the present situation in two different ways. Unlike the present case, the defendants in *Schexnider* were willing to litigate their case in the U.S. forum. Secondly, almost five years of extensive pre-trial discovery and proceedings had occurred in the plaintiff's home forum. Although Dickson alleges that a similar amount of discovery has already occurred in Louisiana, this Court notes that the period of discovery in the present case was much shorter than in *Schexnider.* Furthermore, much of the plaintiff's discovery was misdirected towards ASB's sister company, Panalpina Inc. which, as mentioned *supra,* had almost nothing to do with the present action.

Even when the choice of law determination under Louisiana Code Articles 3537 and 3542 points towards Swiss law and weighs in favor of the defendant, this Court must also balance this determination with the other public interest factors. The first two factors of the analysis are at best neutral. First, the administrative difficulties on this Court would be minimal. Holding the trial in this forum would not congest this court any more than would a trial in Switzerland do to a Swiss court. Secondly, the burden of jury duty on the citizens of this forum would be minimal considering that the plaintiffs are from Louisiana. The third factor of the analysis falls in favor of the plaintiffs. Despite the fact that all of the events at issue occurred in Africa, Louisiana courts have an obvious interest in deciding this controversy because the plaintiffs are all from Louisiana. Finally, the public interest factor in favor of the defendants would be the difficulties in the application of applying foreign law. Considering that Swiss law will apply, this Court must look at whether the burden of applying foreign law will outweigh the other three

factors in favor of the plaintiff. In this case, it does not. However, the weight of the private interest factors in favor of dismissal far outweigh the public interest factors supporting the plaintiffs' interest in litigating in its home forum. Furthermore, this dismissal is warranted because of the commercial sophistication of the parties at issue. Because Dickson is a sophisticated commercial entity that conducts business on a global scale, this Court finds that the plaintiff would not be subjected to excessive hardship or expense as a result of a forum non conveniens dismissal.

## CONCLUSION

A forum non conveniens dismissal is warranted when the forum chosen by the plaintiff is unjust, oppressive, or vexatious and not merely inconvenient to the defendant. *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 831–32, 91 L.Ed. 1067 (1947). The defendant bears the heavy burden of proving that public and private interest factors weigh in favor of dismissal to an adequate and available forum. *In re Air Crash*, 821 F.2d at 1165–66. Because Switzerland was found to be an adequate and available forum and because the private interest factors in favor of dismissal outweighed the public interest factors which favored a denial of the motion, the defendants have carried the burden required for dismissal.

For the forgoing reasons, the defendant's motion for forum non conveniens dismissal is GRANTED pursuant to the following conditions: that the defendant submits to service of process and jurisdiction in the appropriate Swiss court in which the plaintiffs shall have filed within 90 days of the order of this dismissal; that the defendant formally waive in the Swiss proceeding any statute of limitations defense that has matured since the commencement of this action in this Court; that the defendant formally agrees in the Swiss court to make available all relevant witnesses and documents within their control; that the defendant formally agrees in the Swiss proceeding to satisfy any final judgement rendered by such court; and that should the defendant fail to promptly satisfy any of these conditions, this Court shall resume jurisdiction over this case.