Alexander **CHIAZOR**, et al.,
Plaintiffs-Appellants,

v.

**TRANSWORLD DRILLING COMPANY, LTD.**, et al., Defendants-Appellees.

No. 80–3088.

United States Court of Appeals,
Fifth Circuit.

June 23, 1981.

Rehearing and Rehearing En Banc
Denied Sept. 23, 1981.

---

Benton Musslewhite, Houston, Tex., for plaintiffs-appellants.

Christopher Tompkins, New Orleans, La., for defendants-appellees.

Before BROWN and TATE, Circuit Judges, and SMITH *, District Judge.

TATE, Circuit Judge:

The decedent, Joel Chiazor, died as a result of injuries he received while working on a submersible drilling rig off the Nigerian coast. His representatives brought suit against the owner of the rig under the Jones Act, the Death on the High Seas Act, and the general maritime law of the United States. The district court dismissed the complaint on the ground of *forum non conveniens*, and the plaintiffs appealed. Because we find that the district court did not abuse its discretion in so dismissing, we affirm.

*Facts*

Joel Chiazor, a Nigerian citizen employed by Dresser Nigeria Ltd. and/or Dresser Magcobar Minerals Ltd. (both Nigerian corporations), was injured while working as a mud engineer on Kermac-Transworld Rig 46 while the submersible rig was located off the coast of Nigeria. He soon thereafter died from these injuries. The plaintiffs ar-

---

* District Judge of the Northern District of Mississippi, sitting by designation. Judge Orma R. Smith was a member of the panel that heard oral arguments but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. 46(d).

gue that the decedent was a borrowed employee of the operator of the rig, a contention we accept for purposes of our decision.

Rig 46 was being operated at the time of Chiazor's fatal injury by Transworld Drilling Company (Nigeria) Ltd. [hereinafter referred to as Transworld Nigeria], a Nigerian Corporation. Transworld Nigeria is a wholly owned subsidiary of Transworld Drilling Company Ltd. [hereinafter Transworld Bahamas], a Bahamian corporation. Kerr-McGee, Ltd., a Bahamian corporation [hereinafter Kerr-McGee Bahamas], was the owner of Rig 46.[1] It had bareboat chartered the rig to Transworld Bahamas, who in turn allegedly chartered it to Transworld Nigeria.[2] See note 4.

Representatives of the decedent Chiazor brought suit under the Jones Act, DOHSA, and the general maritime law of the United States against both Transworld USA and Transworld Nigeria in the Eastern District of Louisiana. The defendants then sought dismissal on the ground of *forum non conveniens*, inter alia, noting that the decedent was a Nigerian citizen, he worked for a Nigerian corporation(s), one of the alleged tortfeasors (Transworld Nigeria) was a Nigerian corporation, and the accident occurred off the coast of Nigeria.

After carefully analyzing the facts of this case with the *forum non conveniens* guideposts enunciated in *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the district court dismissed the plaintiff's complaint on this basis. In arriving at this decision, the district court also considered the factors presented in *Lauritzen v. Larsen*, 345 U.S. 571, 73 S.Ct. 921, 97

L.Ed. 1254 (1953) and *Hellenic Lines, Ltd. v. Rhoditis*, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970), in ascertaining whether or not American law should apply to this controversy.[3] The district court found that "[t]he majority of the eight factors [presented in Lauritzen and Rhoditis] operate in favor of declining jurisdiction over this case."

*Issues* :

■ An appellate court may reverse the decision of a district court on a motion to dismiss on *forum non conveniens* only if it constituted a clear abuse of discretion. *Fisher v. Agios Nicolaos V*, 628 F.2d 308, rehearing and rehearing en banc denied, 636 F.2d 1107 (5th Cir. 1980) appeal pending, No. 80–1810 (filed May 8, 1981); *Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 451 (2nd Cir. 1975), cert. denied, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976).

On appeal, the plaintiffs assert that the district court abused its discretion in dismissing on *forum non conveniens*, in that (1) the district court failed to determine whether Nigerian or American law applied (thus necessitating a remand) and (2) the defendants failed to carry their heavy burden in establishing that an injustice would follow if jurisdiction were retained, see *Poseidon Schiffahrt, G.M.B.H. v. The M/S Netuno*, 474 F.2d 203, 205 (5th Cir. 1973).

We disagree.

*American or Nigerian Law* ?

■ In *Fisher v. Agios Nicolaos V*, supra, this court established that, prior to dismissing a case for *forum non conveniens*, a district court should ascertain if American

---

1. Transworld Bahamas, Kerr-McGee Bahamas, and Transworld Drilling Company, a Delaware Corporation [hereinafter Transworld USA], are wholly owned subsidiaries of the Kerr-McGee Corporation, a Delaware corporation with its principal place of business in Oklahoma City.

2. The plaintiffs assert that Rig 46 had not been chartered to Transworld Nigeria. (They raise this issue to help substantiate their contention that the shipowner's base of operations was in the United States.) We need not discuss the issue of proper charter parties, for we will assume for the purposes of this decision that

the shipowner's base of operations was in the U.S.

3. *Lauritzen* noted seven factors as significant for consideration in determining the applicable law in an admiralty context: (1) Place of wrongful act; (2) Law of the flag; (3) Allegiance or domicile of the injured; (4) Allegiance of defendant shipowner; (5) Place of the contract; (6) Inaccessibility of foreign forum; and (7) Law of the forum.

*Rhoditis* expanded on these seven factors by noting an eighth factor of importance, the shipowner's base of operations.

or foreign law is applicable. If American law is applicable, then the American court should retain jurisdiction. See *Fisher v. Agios Nicolaos V*, 628 F.2d at 315; *DeMateos v. Texaco, Inc.*, 562 F.2d 895, 899–900 (3d Cir. 1977), *cert. denied*, 435 U.S. 904, 98 S.Ct. 1449, 55 L.Ed.2d 494 (1978); *Antypas v. Cia. Maritina San Basilio, S.A.*, 541 F.2d 307 (2nd Cir. 1976), *cert. denied*, 429 U.S. 1098, 97 S.Ct. 1116, 51 L.Ed.2d 545 (1977); *Bartholomew v. Universe Tankships, Inc.*, 263 F.2d 437, 443 (2d Cir.), *cert. denied*, 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030 (1959); *Allan v. Brown and Root, Inc.*, 491 F.Supp. 398, 403 (S.D.Tex.1980). Only when it is determined that foreign law applies is it appropriate to consider the *forum non conveniens* factors listed in *Gilbert Oil Corporation* in determining whether to retain jurisdiction acquired over a maritime suit with foreign factors. *Fisher v. Agios Nicolaos V*, 628 F.2d at 315; *DeMateos v. Texaco, Inc.*, *supra*.

The appellants assert that the district court abused its discretion in dismissing for *forum non conveniens* without first having determined which nation's law is applicable, and therefore suggest that we remand for this determination. We find this unnecessary for, in determining whether or not to retain jurisdiction, the district court correctly addressed the choice of law issue in reaching its decision. Although the district court did not directly state that American law was not applicable, this is the only logical conclusion to be drawn from the court's statement that "[t]he majority of [Lauritzen's and Rhoditis's] eight [choice of law] factors operate in favor of declining jurisdiction over this case."

The plaintiffs-appellants are essentially contending that the district court, when deciding the appropriate choice of law, erred in finding that the shipowner's base of operations was in Nigeria. They urge that we should disentangle the corporate structure here involved and find that the true base of operations for Transworld Nigeria (the operator of Rig 46) is in Oklahoma City, the principal place of business for Transworld Nigeria's parent corporation, Kerr-McGee U.S.A.[4]

■ We pretermit discussion of whether or not Transworld Nigeria was a legitimate corporation with its base in Nigeria, or was a sham corporation with its actual control emanating from Oklahoma City, for, even assuming a U.S. base of operations, the substantiality of the contacts herein with Nigeria warrants the non-application of American law.[5] We are unable to state, and *Rhoditis* in fact does not command us to hold, that the shipowner's base of operations is the sole controlling factor in a choice-of-law decision. *Hellenic Line, Ltd. v. Rhoditis*, 398 U.S. at 308, 90 S.Ct. at 1734 (1970). Hence, while certain of the eight (Lauritzen and Rhoditis) factors may be substantial in one context, they may be of lesser importance in another. Thus, in *Rhoditis*, in which the Court was concerned with a true maritime vessel, one plying the seas as an integral part of the shipping industry, the shipowner's base-of-operations was considered one substantial contact, inter alia.

---

4. A deposition of Jerry Von Tungeln, the comptroller of Transworld USA, was taken on March 30, 1979 [Von Tungeln Dep. I], in the case of *Erhurare v. Transworld Drilling Co.*, No. 78–20–C.A., Eastern District Texas, for the additional purpose of this proceeding. The plaintiffs urge us on appeal to consider a second deposition of Jerry Von Tungeln, taken on February 5, 1980. They offer this deposition to establish the corporate make-up of Kerr-McGee USA, the parent company of its wholly-owned subsidiary, Transworld Nigeria. Such evidence is essential in showing that the shipowner's base-of-operations here is in the United States.

We need not rule on whether or not we may consider this deposition because, for our purpose here, we will assume that Kerr-McGee USA is the ultimate owner and the shipowner's base-of-operations is in the United States.

5. Two other circuits have recently rejected the application of American law under circumstances similar to those before us. See *Phillips v. Amoco Trinidad Oil Co.*, 632 F.2d 82 (9th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 1999, 68 L.Ed.2d 312 (1981); *Chirinos de Alvarez v. Creole Petroleum Corp.*, 613 F.2d 1240 (3rd Cir. 1980). See also *Dos Santos v. Reading & Bates Drilling Co.*, 495 F.Supp. 843 (E.D. La.1980).

However, here we are faced with a "vessel" (a submersible drilling rig) that has been permanently stationed off the coast of Nigeria since 1964. (Von Tungeln Dep. I, p. 97). Hence, such factors as place of wrongful act, allegiance or domicile of the injured, and place of contract, which may be less substantial in the shipping context, tend to take on added significance under the present circumstances.

When viewed in this light, it cannot be said that the district court erred in finding there were substantial contacts with Nigeria, rather than the United States. The decedent was a Nigerian citizen, he was employed by Nigerian corporations, the accident occurred off the coast of Nigeria, the "vessel" has been stationed off Nigeria since 1964, and the plaintiffs are all Nigerian citizens. As in *Lauritzen, supra,* the overwhelming preponderance of the factors favor the application of Nigerian rather than American law as governing the employment and accident in question.

The American-owned Nigerian subsidiary conducting the enterprise might possibly be said to have a base of operations in America, it is true, but, unlike in *Rhoditis, supra,* the totality of the circumstances of the case indicate this to be a minor weight in the scales. Here, the work performed by the Nigerian employer corporation in the operation and servicing of its drilling rig off Nigerian waters—albeit it was an American-owned subsidiary of American interests, with primary decisions made by American corporate officers in America—had insignificant operational contacts with the United States; and all day-to-day operating activities were in fact conducted in Nigeria. Nor can it be said, with regard to the Nigerian employee decedent, that any Jones Act or other American-originating obligations of the American owners of the foreign subsidiary were evaded by the use of the American-owned Nigerian subsidiary to conduct operations in Nigeria through Nigerian employees; the use of a foreign subsidiary under such circumstances simply does not involve any evasion of American law otherwise applicable.

*Dismissal for Forum Non Conveniens*

*Gulf Oil Corporation v. Gilbert, supra,* is the fountainhead decision in determining whether or not a case should be dismissed for *forum non conveniens.* There, the Court listed such factors as the (1) private interests of the litigants, (2) relative ease of access to sources of proof, (3) availability of compulsory process, (4) cost of obtaining attendance of willing witnesses, and (5) the possibility of view of the premises.[6]

The *Gilbert* court, however, went on to say that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corporation v. Gilbert, supra.* And, as we are reminded by the appellants, "a court must begin with the assumption it will exercise jurisdiction unless it is established, by the defendant, that an injustice would follow." *Poseidon Schiffahrt, G.M. B.H. v. The M/S Netuno,* 474 F.2d at 205 (5th Cir. 1973).

---

**6.** The district court analyzed these criteria in the following manner:

1. The private interests of the litigants: Decedent Joel Chiazor was a Nigerian citizen, who never resided in the United States. Decedent obtained employment with a Nigerian corporation in Nigeria. Decedent was allegedly working on a drilling rig operated by a Nigerian corporation offshore of Nigeria when he sustained his injuries.

2. Relative ease of sources of proof: Decedent Joel Chiazor was allegedly injured offshore Nigeria and received medical treatment for his injuries in Nigeria. Thus, the attending medical personnel and presumably the witnesses, if any, are located in Nigeria.

3. Availability of compulsory process: Defendant Transworld (Nigeria) is a Nigerian corporation and subject to the jurisdiction of the Nigerian courts. Defendant Transworld does not operate outside the United States. However, the dismissal by this Court is conditioned on agreement by the defendants to submit to the jurisdiction of the Nigerian courts.

4. Cost of obtaining willing witnesses: Since most witnesses would be located in Nigeria, it would be less costly for the witnesses to attend trial in Nigeria than in the Eastern District of Louisiana.

5. Possible view of premises, if appropriate: Decedent's injury occurred aboard Rig 46, which is submersed in the waters offshore of Nigeria.

■ We agree with the district court's dismissal for *forum non conveniens*,[7] for the balance is strongly in favor of the defendants and an injustice would follow had the district court retained jurisdiction. Here, the district court would have had to apply (1) Nigerian law to a case (2) initiated by Nigerian plaintiffs (3) for the death of a Nigerian oil worker (4) injured off the coast of Nigeria, (5) who received medical care in Nigeria, (6) with most of the witnesses located in Nigeria.

The plaintiffs further aver that dismissal on the ground of *forum non conveniens* was impermissible because it was not established that either (1) the defendants are amenable to process or (2) an adequate remedy is available.

■ We disagree with both contentions. The district court specifically conditioned its grant of dismissal "on an agreement by the defendants to submit to the jurisdiction of the Nigerian courts and to waive any statute of limitation." And, in regard to the availability of an adequate remedy, we should note that, even had the district court retained jurisdiction, it would have had to apply Nigerian law.[8]

*Conclusion*

Because we find that the district court did not abuse its discretion in dismissing for *forum non conveniens*, we therefore AFFIRM.

AFFIRMED.

---

7. The plaintiffs here asserted a claim based only upon the Jones Act, DOHSA, and the general maritime law of the United States; they failed to assert a claim under Nigerian law. Once the district court determined that American law was not applicable, it could have properly dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and, if deposition and affidavits were considered, have granted a summary judgment under Rule 56. See *de Alvarez v. Creole Petrole-um Corp.*, 613 F.2d 1240 (3rd Cir. 1980). See also H. Watson, Applicable Law in Suits by Foreign Offshore Oil Workers, 41 La.L.R., 827, 828–29 (1981).

8. The plaintiffs-appellants do not suggest anywhere in the record or in appellate brief that the district court should have retained jurisdiction if Nigerian law were to apply. Their sole argument was that dismissal for *forum non conveniens* was inappropriate if American law were to apply.