**Tomaslav ZEKIC, Plaintiff-Appellant,**

v.

**READING & BATES DRILLING CO., Defendant-Appellee.**

**No. 81–3543**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 23, 1982.

Hilleren & Bains, David Paul Bains, New Orleans, La., for plaintiff-appellant.

Adams & Reese, Joel L. Borrello, Alan A. Zaunbrecher, New Orleans, La., for defendant-appellee.

Before RUBIN, JOHNSON and GARWOOD, Circuit Judges.

PER CURIAM:

Tomaslav Zekic, a citizen of Yugoslovia, filed suit against his American employer, asserting claims under the Jones Act and the general maritime law. Zekic sought damages for injuries allegedly sustained in an accident that occurred while he was working aboard a jack-up drilling rig operating in Italian territorial waters. Upon the defendant's motion to dismiss Zekic's action, or, alternatively, for summary judgment, the district court, relying primarily on *Lauritzen v. Larsen*, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), *Hellenic Lines v. Rhoditis*, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970), and our recent decision in *Chiazor v. Transworld Drilling Co.*, 648 F.2d 1015 (5th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982), concluded that "Italian

law should apply" to Zekic's claims, and unconditionally dismissed the action. *Zekic v. Reading & Bates Drilling Co.*, 536 F.Supp. 23 (E.D.La.1981). This appeal followed.

As to the choice-of-law issue, we fully agree with the district court that, for the reasons stated in his opinion, *see id.*, American law is inapplicable to Zekic's claims, and, therefore, affirm his decision on that point.

However, the district court dismissed the suit unconditionally, understandably and properly relying, *see id.*, 536 F.Supp. at 24 n.1, upon a statement made by us in *Chiazor* in which we said that this was a permissible course.[1] Upon more fully considering that observation, which was of course obiter dictum, we have decided that it should be qualified. The plaintiff in such a case might, upon seeking relief in a foreign jurisdiction, be met with such defenses as statute of limitations or the objection that, despite the defendant's position in the United States action, the foreign court lacks jurisdiction and the proper forum was the United States. A conditional dismissal, such as that we affirmed in *Chiazor* itself, *see Chiazor, supra*, 648 F.2d at 1020,[2] achieves the proper goal of the defendant, litigation in the appropriate forum, without permitting manipulative practices after that is accomplished.

Accordingly, we vacate the dismissal below and remand the case so that the district judge may exercise his discretion free of the implication in *Chiazor* that dismissal may be an automatic response, instructing the district judge instead that

---

1. Specifically, we stated:

    The plaintiffs . . . asserted a claim based only upon the Jones Act, DOSHA, and the general maritime law of the United States; they failed to assert a claim under Nigerian law. Once the district court determined that American law was not applicable, *it could have properly dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, [or], if deposition and affidavits were considered, have granted a summary judgment under Rule 56.*

*Chiazor, supra*, 648 F.2d at 1020 n.7 (emphasis added).

2. *See also Farmanfarmaian v. Gulf Oil Corp.*, 588 F.2d 880 (2d Cir. 1978); *Fitzgerald v. Texaco, Inc.*, 521 F.2d 448 (2d Cir. 1975), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976); *Garis v. Compania Maritima San Basilio, S. A.*, 386 F.2d 155 (2d Cir. 1967); *Reyno v. Piper Aircraft Co.*, 479 F.Supp. 727 (M.D.Pa.1979), *rev'd on other grounds*, 630 F.2d 149 (3d Cir. 1980), *rev'd*, —— U.S. ——, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

whether the action should be dismissed unconditionally or conditionally, with such suitable conditions as he may adopt, is a matter for his sound discretion. The judgment may be modified, in the interests of justice, to provide the condition that, if the plaintiff should within such reasonable period as the district court may determine, file suit in an Italian court of appropriate jurisdiction, the defendant will submit to its jurisdiction and waive any statute of limitations that might have accrued, unless of course the limitations period had fully run prior to the institution of the present suit. On the other hand, the district judge may conclude that the unconditional dismissal is still, under the circumstances, proper.

The case is, therefore, AFFIRMED in part, VACATED in part, and REMANDED for further proceedings not inconsistent with this opinion.