Leonor Victoria Collins JAMES, as widow and personal representative of the Estate of Sterling James, Deceased, Plaintiff,

v.

GULF INTERNATIONAL MARINE CORPORATION Gulf Mississippi Marine Corporation, et al, Defendants.

Civ. A. No. 79–2251.

United States District Court, E.D. Louisiana.

Dec. 3, 1982.

John G. DeRussy, New Orleans, La., for plaintiff.

James H. Brown, Jr., Miles Clements, New Orleans, La., for defendants.

John E. Galloway, New Orleans, La., for defendants J. Ray McDermott, Inc., Oceanic Contractors, Inc. and McDermott Intern. Corp.

## MEMORANDUM OPINION

CASSIBRY, District Judge:

The plaintiff Leonor Victoria Collins James has moved for reconsideration of the granting on July 16, 1982 of summary judgment for lack of subject matter jurisdiction in favor of the defendants Gulf International Marine Corporation, Gulf Mississippi Marine Corporation, J. Ray McDermott & Company, Inc., Oceanic Contractors, Inc., and McDermott International, Inc. The plaintiff seeks damages under American law for the death in foreign waters of her husband, a foreign seaman serving on a foreign flagship.[1] The husband of plaintiff, Starlin Alston James, was a citizen of Honduras serving as a boatswain aboard the M/V SEA WITCH, a vessel of Panamanian registry, owned by defendant Gulf International Marine Corporation, a Panamanian corporation and a wholly owned subsidiary of Gulf Mississippi International, S.A., also a Panamanian corporation, which in turn was a wholly owned subsidiary of defendant Gulf Mississippi Marine Corporation, a Louisiana corporation.

A contract of employment was first signed by Starlin James on July 15, 1977 in Harvey, Louisiana with defendant Gulf

1. The case was originally filed in the Southern District of New York on November 9, 1978 against Gulf International Marine Corporation and Gulf Mississippi Marine Corporation. On June 14, 1979 the case was transferred to this district pursuant to 28 U.S.C. § 1406(a). J. Ray McDermott, Inc., Oceanic Contractors, Inc., and McDermott International Corporation were added as defendants on March 9, 1981.

Mississippi Marine Corporation. He performed no work in the United States, but was transported to Saudi Arabia where he signed another employment contract on September 4, 1977 with defendant Gulf International Marine Corporation and commenced working for it. He was working under the September 4 contract at the time of his death. Starlin James death occurred in the Persian Gulf off the coast of Dubai, United Arab Emirates, on April 9, 1978 when he was allegedly crushed as he attempted to move from the M/V SEA WITCH to a barge in her tow, the INTER-MAC-254, owned by the defendant J. Ray McDermott & Company, Inc., a Louisiana corporation, and bareboat chartered to defendant Oceanic Contractors, Inc., a Panama Corporation.

The plaintiff sued the GULF defendants under the Jones Act, 46 U.S.C. § 688 and under the General Maritime Law, and later added the McDermott defendants, suing them under the General Maritime Law.[2] Resorting to a usual method for excepting to a foreign seaman's suit based on the Jones Act and General Maritime Law, the defendants moved to dismiss on subject matter jurisdictional grounds. *Lauritzen v. Larsen,* 345 U.S. 571, 575, 73 S.Ct. 921, 924, 97 L.Ed. 1254 (1953).

■ Tested by the seven factors in Lauritzen, supra,[3] the facts and circumstances of this case do not permit the application of United States maritime law to the claims against the GULF defendants. The plaintiff urges that an additional factor, the "base of operations", recognized in *Hellenic Lines, Ltd. v. Rhoditis,* 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970), permits the application of United States law because the base of operations of James' employer was the United States. This argument is based on the contention that the original employment contract with Gulf Mississippi Marine Corporation, the Louisiana corporation, is the one that James continued working under because the defendants initially produced an unwitnessed employment agreement with Gulf International Marine signed only by James. The lack of authenticity argument has been overcome by an affidavit of Thomas D. Wetzel, Insurance Representative with Gulf Fleet Marine Corporation, the successor of defendant Gulf Mississippi Marine Corporation, to the effect that he has personal knowledge of the employment file of James with Gulf International Marine, and the employment contract of James is a business record regularly maintained by Gulf International Marine Corporation in the course and scope of its business in Dubai, U.A.E.

Additional circumstances urged by plaintiff in support of her "base of operations" argument are that Gulf Mississippi Marine Corporation arranged for James' flight from Honduras to the New Orleans area, he received his preemployment physical at its facility before signing the employment contract in Harvey, Louisiana, and when the employees of Gulf International Marine Corporation notified the office of Gulf Mississippi Marine Corporation in New Orleans of the death of James, two employees of Gulf Mississippi Marine Corporation were sent to Honduras to settle the case with plaintiff Leonor James. This settlement, now disputed by Leonor James, was allegedly paid with funds through First City National Bank in Houston, Texas. The facts that Gulf Mississippi Marine Corporation assisted a subsidiary, Gulf International Marine Corporation, in preemployment

---

**2.** In their answers filed on November 1, 1979 Gulf International Marine Corporation and Gulf Mississippi Marine Corporation defended, inter alia, on the ground that the laws of the United States do not apply, and accordingly this court lacks subject matter jurisdiction. The right to assert this defense by motion was reserved.

**3.** 1. Place of the wrongful act—Dubai, U.A.E.
2. Law of the flag—Panama
3. Domicile of the deceased—Honduras

4. Allegiance of defendant shipowner—Panama
5. Place of contract—Dubai, U.A.E.
6. Inaccessibility of foreign forum—not applicable.
Law of Dubai and of Honduras gives redress to injured seamen.
7. Law of the Forum—should not apply to this foreign incident merely because American process was served on defendants.

transportation of James and in the matter of settlement after his death are not sufficient to demonstrate that the base of operations of Gulf International Marine Corporation was the United States.

■ The ownership of the barge INTER-MAC–254 by a Louisiana corporation J. Ray McDermott & Company, Inc., is not sufficient for application of United States law to the claim against the McDERMOTT defendants. The factors in *Lauritzen* and *Rhoditis* apply with different importance in cases involving localized maritime operations as distinguished from a maritime vessel plying the seas as an integral part of the shipping industry. *Chiazor v. Transworld Drilling Company,* 648 F.2d 1015 (1981). Richard Smith, Vice President of Operations for Gulf International Marine Corporation avers in his affidavit that the M/V SEA WITCH worked exclusively in the Middle East from July 1975 until March 1979. The McDermott barge obviously was not a vessel plying the seas as an integral part of the shipping industry. Under the circumstances of this case the national interest is not served by the assertion of United States maritime jurisdiction over the claim involving this barge.

Honduras, the place of James citizenship, United Arab Emirates, the place of the accident, or Panama, the country of the flag, may have the necessary interest for application of its law to this case. The plaintiff has not asserted a claim under the law of any of them. It is appropriate therefore to dismiss the case. *Lauritzen,* supra; *Chaizor,* supra; *Zekic v. Reading and Bates Drilling Co.,* 680 F.2d 1107 (5th Cir., 1982). The suit will be dismissed therefore with the condition that the defendants submit to the jurisdiction of any court of proper jurisdiction in Honduras, United Arab Emirates, or Panama, and waive any applicable statute of limitation that may have run as to the GULF defendants since November 9, 1978, the date this suit was filed, and as to the McDERMOTT defendants since March 9, 1981, the date they were added as defendants.

The relief sought is denied.