John ZALUDEK, Plaintiff,

v.

ATWOOD OCEANICS INTERNATIONAL, et al., Defendants.

CA No. H-80-2231.

United States District Court,
S.D. Texas,
Houston Division.

Dec. 30, 1982.

Ray Hensarling, Werner & Rusk, Houston, Tex., for plaintiff.

Randy J. McClanahan, Baker & Botts, Houston, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

McDONALD, District Judge.

Pending before the Court is defendants' Atwood Oceanics International, S.A., and Atwood Oceanics, Inc., Motion for Choice of Foreign Law and to Dismiss Under the Doctrine of *Forum Non Conveniens.* Both parties have submitted extensive legal memoranda, supplemental memoranda, and several letter memoranda to the court. After careful consideration of the record, the applicable law and the arguments of the parties, it is this Court's opinion that defendants' Motion to Dismiss, which has been treated as a Motion for Summary Judgment, should be conditionally GRANTED.

Plaintiff filed this action under the Jones Act, 46 U.S.C. § 688, and under the general maritime law of damages due to negligence and unseaworthiness. Plaintiff seeks damages for injuries allegedly sustained onboard the drilling vessel "FREDRICKSBURG" which was owned by Atwood Oceanics, Inc., a Houston, Texas-based corporation. At the time of the injury, plaintiff was employed by the operator of the rig, Atwood Oceanics International, S.A., a Panamanian corporation, which is a wholly-owned subsidiary of Atwood Oceanics, Inc. At the time of plaintiff's injury, the FREDERICKSBURG was located in the Gulf of Thailand, northeast of Singapore. Plaintiff is an Australian national and a resident of Singapore.

This Court must apply the eight factors developed by the Supreme Court in *Lauritzen v. Larsen,* 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), and *Hellenic Lines Ltd. v. Rhoditis,* 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1974), to determine the applicable law governing plaintiff's maritime tort claim. The *Lauritzen* and *Rhoditis* factors are: (1) place of wrongful act, (2) law of the vessel's flag; (3) allegiance or domicile of the injured; (4) allegiance of the defendant shipowner; (5) place of contract; (6) inaccessibility of foreign forum; (7) law of the forum; and (8) shipowner's base of operations. *Id.* The *Lauritzen* and *Rhoditis* analysis is also applicable to claims under United States general maritime law. *See Romero v. International Terminal Operating Co.,* 358 U.S. 354, 381–84, 79 S.Ct. 468, 485–86, 3 L.Ed.2d 769 (1959).

Recently, the law regarding the choice of law issue has changed dramatically in admiralty actions arising out of an injury aboard a drilling rig. In *Rhoditis,* the court indicated that the shipowner's base of operation was a significant factor in

determining a choice of law question. In the instant case, plaintiff urges this Court to accept his assertions as true that the allegiance and the base of operations of the defendant shipowner is the United States. However, the Fifth Circuit Court of Appeals in *Chiazor v. Transworld Drilling Co.,* 648 F.2d 1015 (5th Cir.1981), rejected the base of operation factor as significant in the context of an admiralty action arising out of an injury aboard a drilling rig permanently stationed off a foreign coast. *See Chiazor v. Transworld Drilling Co.,* 648 F.2d 1015, 1019 (5th Cir.1981); *see also Zekic v. Reading & Bates Drilling Co.,* 536 F.Supp. 23 (D.La.1981), *aff'd* and *modified,* 680 F.2d 1107 (5th Cir.1982). The court in *Chiazor* found that even if the base of operations were considered to be that of the American parent rather than that of the foreign subsidiary, American law should not be applied. Thus, even if this Court accepts the plaintiff's argument that the true base of operation, as distinguished from day-to-day operations, was the United States, *Chiazor* still requires dismissal if the following factors indicate a foreign forum—place of injury, place of domicile and place of contract. *Id.* at 1019. Plaintiff, John Zaludek, an Australian national, signed the contract[1] in Singapore to work on a drilling rig in the waters of Southeast Asia. During the past years, plaintiff's domicile has been Singapore; Mr. Zaludek worked primarily in the vicinity of Singapore and has traveled to and from work using Singapore as a point of origin. While corporate headquarters of Atwood Oceanics International, S.A., and its registered agent are in Panama, the day-to-day operations of the rig were conducted in Singapore. Viewed in light of the factors emphasized in *Chiazor,* it is clear to this Court that Singapore law should apply to Zaludek's claim. Neither does the fact that the instant controversy was not dominated by a single country, as argued by the plaintiff, necessitate a different result. *See Zekic v. Reading & Bates Drilling Co.,* 536 F.Supp. 23 (D.La.1981), *aff'd* and *modified,* 680 F.2d 1107 (5th Cir.1982).

■ After the applicable law is ascertained, that result is utilized in the Court's resolution of the *forum non conveniens* issue. *Chiazor v. Transworld Drilling Co.,* 648 F.2d 1015 (5th Cir.1982); *Fisher v. Agios Nicolaos V.,* 628 F.2d 308, 315, *reh.* and *reh. en banc denied,* 636 F.2d 1107 (5th Cir.1980). However, if Singapore law applies, as it does in this case, the Court may then apply the test enunciated in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 506–07, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947), and discretionarily dismiss the case or retain jurisdiction and apply Singapore law. In *Gilbert* the Supreme Court provided district courts with a multi-factor test for determining whether to discretionarily dismiss under *forum non conveniens.*[2]

■ Under the *Gilbert* analysis, relevant public interest point strongly towards dismissal of this action. *See also Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 236, 102 S.Ct. 252, 256, 70 L.Ed.2d 419 (1981). A dismissal on the basis of *forum non conveniens,* however, requires that, in fact, there is an alternative forum in which plaintiff's suit can be maintained. *Id.* at 240 n. 2, 102 S.Ct. at 257 n. 2. This requirement is ordinarily met when the defendant is "amenable to process in the foreign forum". *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947).

---

**1.** The employment contract also included a provision that the Agreement would be interpreted and enforced in accordance with the laws of the State of Texas. *See* Plaintiff's Opposition to Defendants' Motion to Dismiss, Exhibit A, Paragraph XIV. This Court finds that the clause discussed above is limited to contractual disputes between the parties under the employment contract and does not include tort claims.

**2.** The factors are as follows: (1) ease of access to proof; (2) availability of compulsory proc-

ess; (3) cost of obtaining willing witnesses; (4) possibility of a view of the premises; (5) enforceability of judgments; and (6) all other practical problems that make trial of a case easy, expeditious and inexpensive. In addition, there are considerations of public interest such as: the forum court's caseload; the undesirability of burdening citizens in an unrelated forum with jury duty; and the difficulty of having the forum court apply foreign law.

Consequently, this Court will grant defendants' Motion to Dismiss for forum non conveniens with respect to defendant Atwood Oceanics, Inc.[3]

With respect to the remaining defendant, Atwood Oceanics International, S.A., the Court concludes that the relevant public and private interests articulated in *Gilbert,* compel the dismissal of this action. *Accord Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 248, 102 S.Ct. 252, 262, 70 L.Ed.2d 419 (1981). The Court also concludes this case would be more conveniently tried in a Singapore forum and that an injustice would follow if this Court were to retain jurisdiction.

In reaching this conclusion the Court notes the following considerations: (1) the plaintiff resides in Singapore; (2) the treating physicians and other relevant witnesses are in Southeast Asia; (3) important medical and hospital records are in Singapore; (4) this Court does not have subpoena power over the Singapore witnesses; and (5) the relative cost of transporting even willing witnesses and documents favors dismissal of this suit. In addition, retention of this cause would (1) involve application of foreign law; and (2) add to this Court's already congested docket a lawsuit which has insubstantial contacts with this forum.

The *forum non conveniens* dismissal is conditioned on the following: defendants Atwood Oceanics, Inc., and Atwood Oceanics International, S.A., are to (1) submit to service of process in an appropriate Singapore court within ninety (90) days of the date of this order; (2) waive any statute of limitation defense; and (3) agree to satisfy any judgment rendered by the Singapore court.[4] Should defendant Atwood Oceanics International, S.A., fail to meet any of these conditions, this Court will resume jurisdiction over this case. Subject to the above conditions, it is hereby,

---

3. Both Defendants Atwood Oceanics, Inc., and Atwood Oceanics International, S.A., have voluntarily agreed to submit to the jurisdiction of the Singapore court and not to raise the statute of limitations as a defense. *See,* Defendants' Supplemental Memorandum In Support of Mo-

ORDERED, ADJUDGED, and DECREED that defendants' Motion to Dismiss is GRANTED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.

---

tion for Choice of Foreign Law and to Dismiss under the Doctrine of *Forum Non Conveniens.*

4. *See* Defendant's Letter Memorandum of December 13, 1982, and Affidavit of James W. Ferguson, the Vice-President, Secretary and General Counsel for Atwood Oceanics, Inc.