719 F.2d 1481
 George A. NEEDHAM, Executor of the Estate of Stuart R.
Gilham, Deceased, on behalf of the Estate of Stuart R.
Gilham, Deceased, and on behalf of the survivors of Stuart
R. Gilham, Deceased, Plaintiff-Appellant,
v.
PHILLIPS PETROLEUM COMPANY OF NORWAY, a Delaware
corporation, Defendant- Appellee.
 No. 81-2525.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 17, 1983.
 
 Thomas A. Wallace, Norman, Wallace, Hayes, McNulty & Mayfield, Oklahoma City, Okl. (John W. Norman, Norman, Wallace, Hayes, McNulty & Mayfield, Oklahoma City, Okl., with him on the brief), for plaintiff-appellant.
 Reuben Davis, Boone, Smith, Davis & Hurst, Tulsa, Okl. (L.K. Smith, Boone, Smith, Davis & Hurst, Tulsa, Okl. and Kenneth E. Rogers, Phillips Petroleum Co., Bartlesville, Okl., with him on the brief), for defendant-appellee.
 Before SETH, Chief Judge, and McWILLIAMS and DOYLE, Circuit Judges.
 DOYLE, Circuit Judge.
 
 
 1
 The question in the case before us is an alleged wrongful death under the General Maritime laws, the Death on the High Seas Act, 46 U.S.C. Sec. 761 et seq., and the Jones Act, 46 U.S.C. Sec. 688. An effort was made to establish jurisdiction and venue in Tulsa, Oklahoma, the Northern District of Oklahoma. The issue is whether the district court ruled correctly when it dismissed on the ground of forum non conveniens on the conditions that Phillips-Norway submit to the jurisdiction of the Norwegian courts and waive any statute of limitations of defense it might have in those courts.
 
 
 2
 The deceased person was a citizen of England and was employed as a diver by Overseas Enterprises, Ltd., a company incorporated in Jersey, the Channel Islands. Overseas Enterprises was under contract with K/S Seaway Diving A/S, a Norwegian corporation. Seaway Diving, in turn, was under contract with Phillips-Norway to provide diving services in the North Sea. K/S Seaway Supply & Support Ships A/S contracted to charter a utility vessel, the Seaway Falcon, to Phillips-Norway. This vessel has a Norwegian registry; it flies a Norwegian flag. The crew of this ship was supplied by its Norwegian owner. Neither Seaway Supply nor Seaway Diving are registered to do business in the United States.
 
 
 3
 Phillips-Norway is incorporated in Delaware and is a subsidiary of the Phillips Petroleum Company, wholly owned. As conceded by counsel for the plaintiff, the principal office and base of operations for Phillips-Norway is in Norway. Phillips Petroleum is incorporated in Delaware and its principal place of business is in Bartlesville, Oklahoma.
 
 
 4
 On October 7, 1977, in the Ekofisk area of the Norwegian sector of the North Sea, Gilham and two other divers were transferred from a drilling platform operated by Phillips-Norway to the Seaway Falcon. During, or shortly after this transfer, a ship aboard the Seaway Falcon became loose, skidded, and struck and injured Gilham. One day later, at the Rogland Hospital, in Stavanger, Norway, Gilham died as a result of his injury.
 
 
 5
 Thereupon a wrongful death action was commenced on behalf of Gilham in the Northern District of Oklahoma. Phillips-Norway moved to dismiss the action on the basis of forum non conveniens. The district court found and concluded that American law did not apply to the lawsuit because of the various elements which were present, particularly the obvious applicability of the Norwegian law. See Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1952) and Helenic Lines, Ltd. v. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970). The district court concluded that American law did not apply to Gilham's lawsuit. Based upon Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 506-07, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947), and particularly the location of the incident plus the ship owner and diving company employers of deceased being Norwegian. The trial court held that the doctrine of forum non conveniens applied and dismissed the case on the condition that Phillips-Norway submit to the jurisdiction of Norwegian courts and waive any statute of limitations defense it might have in those courts.[1]
 
 
 6
 In order to apply the doctrine of forum non conveniens, the trial court must conduct a choice of law analysis in order to determine whether American or foreign law governs. If American law is applicable to the case, the forum non conveniens doctrine is inapplicable. De Oliveira v. Delta Marine Drilling, 707 F.2d 843, 845 (5th Cir.1983) (per curiam); Szumlicz v. Norwegian American Line, Inc., 698 F.2d 1192, 1195 (11th Cir.1983); Bailey v. Dolphin Int'l., Inc., 697 F.2d 1268, 1274 (5th Cir.1983); DeMateos v. Texaco, Inc., 562 F.2d 895, 899 (3rd Cir.1977), cert. denied, 435 U.S. 904, 98 S.Ct. 1449, 55 L.Ed.2d 494 (1978); Antypas v. Cia. Martima San Basilio, S.A., 541 F.2d 307, 310 (2d Cir.1976), cert. denied, 429 U.S. 1098, 97 S.Ct. 1116, 51 L.Ed.2d 545 (1977).
 
 
 7
 The district court did consider the choice of law factors enunciated in Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1952) and Helenic Lines, Ltd. v. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970). Having concluded that the applicable law was that of Norway, the district court considered the forum non conveniens factors set forth in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 506-07, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). It then dismissed the case but did so on the conditions that Phillips-Norway submit to the jurisdiction of Norwegian courts and waive any statute of limitations defense it might have in those courts.
 
 
 8
 The law is clear that if foreign law is determined to be applicable, the district court must then apply the forum non conveniens factor listed in Gulf Oil Corporation, supra. This is for the purpose of determining the forum in which the case should be tried. If it decides that the lawsuit should be tried in a forum away from the United States, then the court should dismiss the case on the ground of forum non conveniens. Cf. Chiazor v. Transworld Drilling Co., 648 F.2d 1015, 1018 (5th Cir.1981), cert. denied, 455 U.S. 1019, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982). The dismissal is conditional, however, upon the defendant's being willing to submit to the jurisdiction of the foreign court and upon the defendant's waiver of defenses such as the statute of limitations, which would deprive the foreign court of jurisdiction. Zekic v. Reading & Bates Drilling Co., 680 F.2d 1107, 1108 (5th Cir.1982); Pain v. United Technologies Corp., 637 F.2d 775, 785 (D.C.Cir.1980), cert. denied, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981); Dahl v. United Technologies Corp., 632 F.2d 1027, 1029 (3rd Cir.1980).
 
 
 9
 The issue of choice of law determination has been held to be subject to de novo review on appeal. Vaz Borralho v. Keydril Co., 696 F.2d 379, 384 (5th Cir.1983); Phillips v. Amoco Trinidad Oil Co., 632 F.2d 82, 84 (9th Cir.1980), cert. denied sub nom, Romilly v. Amoco Trinidad Oil Co., 451 U.S. 920, 101 S.Ct. 1999, 68 L.Ed.2d 312 (1981). The forum non conveniens decision, however, should not be disturbed in the absence of an abuse by the district court of its discretion. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 237, 102 S.Ct. 252, 256, 70 L.Ed.2d 419 (1981).
 
 
 10
 As to the choice of law issue, we refer to the factors which are set forth in Lauritzen, supra, 345 U.S. at 583-91, 73 S.Ct. at 928-32 and Rhoditis, supra, 398 U.S. at 309, 90 S.Ct. at 1734. In Lauritzen, the Supreme Court laid down seven factors which bear on whether the American law or that of a foreign country is applicable. These are as follows: (1) the place of the wrongful act; (2) the law of the flag (you can have one or the other); (3) the allegiance or domicile of the injured; (4) the allegiance of the defendant shipowner; (5) the place of contract; (6) the inaccessibility of the foreign forum; and (7) the law of the forum. In the Rhoditis case, the Supreme Court added another standard, namely the "base of operations" test.
 
 
 11
 The district court considered the several factors and found and determined that the Jones Act and the general maritime laws of the United States were inapplicable in this case and that the law of Norway did apply.
 
 
 12
 The appellant is essentially arguing that the district court in the course of deciding the choice of law erred in discounting the fact that Phillips-Norway is incorporated in Delaware and is an owned and operated subsidiary of an American corporation. The appellant maintains that these considerations should control despite the overwhelming substantiality of contacts here with Norway. The district court correctly observed that the place of the wrongful act was on the North Sea in the territorial waters of Norway; the ship upon which Gilham was injured flew a Norwegian flag; the allegiance and domicile of Gilham was England; the allegiance of the shipowner was Norway; the place of contract for the ship and for the diving service used by Phillips-Norway was in Stavanger, Norway; and Phillips-Norway's base of operations was in Norway.
 
 
 13
 The vast majority of cases have held that foreign, not American law, should be chosen under circumstances similar to those found in the present case. See Bailey, supra, 697 F.2d 1268. (The parties included foreign subsidiaries of an American corporation and an American corporation itself, but all significant contacts centered on Indonesia, Singapore, and the Philippines); Keydril, supra, 696 F.2d 379; (here there was a United States incorporated subsidiary of an American corporation. Nevertheless all significant contacts centered on Brazil); Delta Marine, supra, 707 F.2d 843, (there was here again a United States corporation but all significant contacts centered on Brazil); Chiazor, supra, 648 F.2d 1015, (a foreign subsidiary of an American corporation, but all significant contacts centered on Nigeria); Amoco Trinidad, supra, 632 F.2d 82. (United States incorporated subsidiary of American corporation, but all significant contacts centered on Trinidad).
 
 
 14
 Other cases which are of a similar character are Chirinos de Alvarez v. Creole Petroleum Corp., 613 F.2d 1240 (3rd Cir.1980); DeMateos, supra, 562 F.2d 895; Zekic v. Reading & Bates Drilling Co., 536 F.Supp. 23 (E.D.La.1981); see also, 680 F.2d 1107 (5th Cir.1982) in which there are some modifications of Zekic. Here there was an American corporation but all significant contacts centered in Italy.
 
 
 15
 Thus the base of operations factor which is about the only one that favors the appellant in this case, has not been considered an important aspect of determining applicable law. We must hold in view of the stated authorities that the Norwegian law applies.
 
 
 16
 Inasmuch as the court properly determined that American law was not the ruling law in the case and that Norwegian law was applicable, the district court properly dismissed the case under the doctrine of forum non conveniens, which action is approved by virtually all of these authorities, including the Supreme Court of the United States. In assessing the propriety of the dismissal it must be said that it is based entirely upon the factors that are set forth in Gulf Oil Corporation v. Gilbert, supra and the controlling decision of the Supreme Court.
 
 
 17
 In closing we point out that there are no general and substantial factors which point to even a possibility of choosing the Northern District of Oklahoma as the site of the case. There are some Phillips-Norway officers and directors who reside in Bartlesville, Oklahoma, but seemingly they do not set any policy and would not have any information regarding the case. Furthermore the witnesses who viewed the deceased being injured are not subject to process in the United States courts. When you have considered the accident, Phillips-Norway is an American company, a wholly owned subsidiary of Phillips Petroleum. The only factor that has any validity here as far as the plaintiff is concerned is the location of Phillips in Bartlesville. But the parties who are primarily responsible in this case are Seaway Diving and Seaway Supply who were aboard the craft belonging to Phillips-Norway providing support for the diving that was negligent, or reportedly negligent. The likelihood is that neither would be subject to American jurisdiction and thus it would be somewhat empty to proceed against them. However, conceivably Phillips-Norway could be held responsible here under the Jones Act but at this point we do not consider this factor. Fitzgerald v. Texaco, Inc., 521 F.2d 448, 453 (2nd Cir.1974), cert. denied, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976).
 
 
 18
 We note that contractor Seaway Diving and Seaway Supply have undertaken to indemnify and hold Phillips-Norway harmless.[2]
 
 
 19
 We note also that the law of Norway does provide a remedy for wrongful death which takes into account the pain and suffering of decedent and medical and funeral expenses and the pecuniary loss sustained by the surviving spouse and minor children of decedent.
 
 
 20
 One other point to be mentioned and that is that the law of the place which provides the best remedy to the plaintiff is not to be considered, according to the authorities.
 
 
 21
 Finally it can be said that the district court did not abuse its discretion in dismissing the appellant's lawsuit on the basis of forum non conveniens. Although this result does not stir enthusiasm, it is called for by the established law and thus we do approve and affirm the judgment of the district court.
 
 
 
 [1]
 An affidavit sworn to on behalf of Phillips-Norway by Dr. Per Brunsvig, a Norwegian attorney, stated that expiration of the statute of limitations is an affirmative defense in Norwegian courts and may be waived by the defendant (defendant's exhibit F)
 
 
 [2]
 Contractor [Seaway Diving] shall indemnify and hold Company [Phillips-Norway] harmless from any and all claims, liabilities, and causes of action, of, to or by third persons, or Contractor, his sub-contractors, or the employees of either, for injury or death of any person and for damage to or destruction of any property, resulting directly or indirectly from any and all acts or omissions of Contractor, his sub-contractors, or of anyone directly or indirectly employed by either of them in connection with the performance of said work or services and regardless of whether such injury, death, damage and/or destruction is contributed to by the negligence of Company, its agents, servants and/or employees, and on behalf of Company, and in Company's name will handle or defend at his own expense any claim or litigation in connection therewith. The indemnity provided for in this paragraph shall have no application (except in the case of injury, death, damage and/or destruction to the persons or property of Contractor or his sub-contractors or the employees of either) to any claim, liability or clause [sic] of action resulting from the sole negligency [sic] of Company, its agents, servants and/or employees
 Item XIV(E) of Phillips-Norway's contract with Seaway Supply provides:
 Charterers [Phillips-Norway] not to be responsible for damage to or in connection with loss of the vessel howsoever caused including personal injury or death of Owners [Seaway Supply], their servants or anyone to whom Owners may be responsible in this respect howsoever or by whomsoever caused, unless caused by neglect, default or fault of anyone for whom otherwise Charterers would be responsible and Owners to indemnify Charterers against all consequences and liabilities arising from or in connection with such loss or damage or personal injury or death of Owners, their servants or anyone for whom Owners may be responsible in this respect.