**GAHR DEVELOPMENTS, INC. OF PANAMA, London and Overseas Express Freight, Limited and London and Overseas (Sugar) Company, Plaintiffs-Appellants,**

v.

**NEDLLOYD LIJNEN, B.V., Owner of the S/T NEDLLOYD MARSEILLES, Defendant-Appellee.**

No. 82–3504.

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1984.

---

Phelps, Dunbar, Marks, Claverie & Sims, J. Barbee Winston, Antonio J. Rodriguez, New Orleans, La., for plaintiffs-appellants.

Jones, Walker, Waechter, Poitenvent, Carrere & Denegre, Robert M. Contois, Jr., Robert T. Lemon, II, New Orleans, La., Richard H. Webber, New York City, for defendant-appellee.

Before GEE and GARWOOD, Circuit Judges, and EAST *, District Judge.

PER CURIAM:

This is an appeal from an order of the district court, 542 F.Supp. 1224, vacating writs of attachment and conditionally dismissing this consolidated admiralty action for forum non conveniens. We find that the district court did not abuse its discretion in dismissing the case and, consequently, affirm.

This action arises out of a collision between the NEDLLOYD MARSEILLES, a Dutch flag vessel owned and operated by defendant Nedlloyd Lijnen, B.V., a Dutch corporation, and the M/V RONHILL, a Panamanian flag vessel owned by plaintiff Gahr Developments, Inc. of Panama. At the time of the collision the M/V RONHILL was time-chartered to plaintiff London and Overseas Express Freight, Ltd., a British corporation, and was carrying cargo

---

* District Judge of the District of Oregon, sitting     by designation.

for plaintiff London and Overseas (Sugar) Co., a British concern.

The collision occurred in May 1981 at the port of Apapa in Lagos, Nigeria. At that time, the crew of the NEDLLOYD MARSEILLES consisted of Dutch and Philippine nationals, while the M/V RONHILL was manned by Korean nationals. The pilot aboard the NEDLLOYD MARSEILLES, the surveyor who assessed the damage caused by the collision, and the crews of the assisting tugs were all either Nigerian nationals or residents.

Plaintiffs filed separate actions against Nedlloyd alleging that the collision was caused by Nedlloyd's negligence and by the unseaworthiness of the NEDLLOYD MARSEILLES. These complaints also alleged that, because Nedlloyd was a foreign corporation and could not be found within the district, the court should issue writs of attachment against the S/T NEDLLOYD ROUEN, a vessel owned by Nedlloyd which was located there. The court issued the requested writs of attachment and later consolidated the three actions.

After discovery was completed, Nedlloyd moved to vacate the writs of attachment and to dismiss the suit for forum non conveniens. Conditioned upon defendant's submission to jurisdiction in Nigeria or the United Kingdom, the district court granted the motion. Plaintiffs appeal.[1]

■ Before dismissing a case for forum non conveniens, a district court should ascertain whether American or foreign law is applicable. *Chiazor v. Transworld Drilling Co.,* 648 F.2d 1015, 1017–18 (5th Cir.1981), *cert. denied,* 455 U.S. 1019, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982). Once it finds that American law applies, the district court should entertain the suit. *De Oliveira v. Delta Marine Drilling Co.,* 707 F.2d 843, 845 (5th Cir.1983) (on rehearing). The district court determined that foreign law applies, and plaintiffs do not challenge this determination.

■ When a court determines that foreign law applies to a case, it must then consider several factors in deciding whether to retain jurisdiction over it. *Chiazor,* 648 F.2d at 1017–18. These factors include the private interests of the parties: the relative ease of access to sources of proof, availability of compulsory process, the cost of obtaining attendance of willing witnesses, and all the other practical considerations that make trial of a case easy, expeditious and inexpensive—or the contrary. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). A court must also, however, look at factors implicating the public interest: congestion in the courts, the burden of jury duty upon the people of a community having no relation to the litigation, and the local interest in having local controversies decided at home. *Id.* at 508–09, 67 S.Ct. at 843.

■ There is ordinarily a strong presumption in favor of the plaintiff's choice of forum, one which is overcome only when the private and public interest factors clearly point toward trial in the alternative forum. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981). This presumption applies with less force when the plaintiff or real party in interest is foreign. *Id.* Finally, this forum non conveniens determination is committed to the sound discretion of the trial court and may be reversed only if it constitutes a clear abuse of discretion. *Bailey v. Dolphin International, Inc.,* 697 F.2d 1268, 1274 (5th Cir.1983).

■ We agree with the district court that the balance of forum non conveniens factors is strongly in favor of the defendant. Indeed, none of the *Gulf Oil* factors point toward the retention of jurisdiction. The affidavits and moving papers show:

(1) No party is a United States resident.

(2) No event connected with the dispute took place in the United States.

*Dolphin International, Inc.,* 697 F.2d 1268, 1274 n. 20 (5th Cir.1983).

---

1. The district court certified its order for immediate appeal under 28 U.S.C. § 1292(b), and we hear this appeal on that basis. *See Bailey v.*

(3) Not a single witness for any party resides in the United States or is subject to compulsory process in the United States District Court for the Eastern District of Louisiana.

(4) The dispute arose from a collision occurring wholly within the inland waters of the Federal Republic of Nigeria.

(5) Foreign law governs the dispute.

We therefore hold that the district court did not abuse its discretion in conditionally dismissing this case. *Perusahaan Umum Listrik Negara v. M/V Tel Aviv,* 711 F.2d 1231 (5th Cir.1983); *Veba-Chemie A.G. v. M/V Getafix,* 711 F.2d 1243 (5th Cir.1983). Since we dismiss the case, we need not decide whether the district court properly vacated the writs of attachment.

The judgment of the district court is AFFIRMED.