777 F.2d 193
 Leonor Victoria Collins JAMES, as widow and personal
representative of the Estate of Sterling James,
Deceased, Plaintiff-Appellant,
v.
GULF INTERNATIONAL MARINE CORP., et al., Defendants,
J. Ray McDermott, Inc., Oceanic Contractors, Inc., and
McDermott International Corp., Defendants-Appellees.
 No. 85-3218
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 22, 1985.
 John G. DeRussy, New Orleans, La., for plaintiff-appellant.
 John E. Galloway, New Orleans, La., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before GEE, REAVLEY and HILL, Circuit Judges.
 REAVLEY, Circuit Judge:
 
 
 1
 In its April 15, 1984 decision[1], 731 F.2d 886, on the first appeal of this case, this court found insufficient facts in the record to determine whether the McDermott defendants should be dismissed under the line of cases beginning with Chiazor v. Transworld Drilling Co., Ltd., 648 F.2d 1015 (5th Cir.1981), cert. denied, 455 U.S. 1019, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982). It therefore remanded to the trial court to ascertain (1) how long the defendants' barge had been operating in the Persian Gulf area; (2) whether it was assigned there on a long- or short-term basis; and (3) what functions it was capable of performing. With this information, the court was to decide whether American law was applicable, and whether dismissal for forum non conveniens was appropriate.
 
 
 2
 On remand, the McDermott defendants renewed their motion to dismiss. In conjunction with the motion, they submitted the affidavit of Timothy Zimmerman, McDermott's Manager of Equipment Coordination. The affidavit stated that the barge was based in the Arabian Gulf from 1976 to 1982 and used to carry building supplies to offshore drilling sites. R. 686. Apparently satisfied that dismissal was proper under Chiazor, the district court granted the motion, conditioned upon defendants' amenability to suit in a more convenient forum. We affirm.
 
 Discussion
 
 3
 The district court has broad discretion to dismiss an action for forum non conveniens, particularly if it determines that American law does not apply. An appellate court will review the choice of law determination de novo, but, finding no legal error, may disturb the dismissal only upon a clear showing of abuse. E.g., Bailey v. Dolphin International, Inc., 697 F.2d 1268, 1274 (5th Cir.1983); Chiazor, 648 F.2d at 1017-18.
 
 
 4
 Upon a careful review of the record, we conclude that this case is legally indistinguishable from Bailey, 697 F.2d 1268. Contrary to James' assertion that the death resulted from a collision of two ships on the high seas, the two vessels here were relatively stationary, working in the oil fields in the shallower waters off the U.A.E. coast. In addition, no substantial nexus exists between the forum and the suit: as Bailey establishes, defendants' American base of operations alone is not enough. See id. at 1275, and cases cited therein. Thus, we agree with the trial court's tacit conclusion that American law does not apply, and find no abuse of discretion in its decision to dismiss.
 
 
 5
 On appeal, James, for the first time, points to the Treaty of Friendship, Commerce, and Consular Rights, Dec. 7, 1927, as amended, Dec. 18, 1935, United States--Honduras, 45 Stat. 2618, T.S. No. 764. This treaty guarantees Honduran nationals access to American forums, inter alia, to litigate wrongful death actions on the same footing as American citizens. Id. arts. I-II. James argues essentially that, as a result of the treaty, the district court should have considered her as an American citizen for purposes of the choice of law and forum non conveniens balancings.
 
 
 6
 This court has never considered the effect of forum-access treaty provisions in this context.[2] We need not decide the question here, however, because James failed to raise it before the trial court. As an appellate court, we cannot consider new issues which raise factual questions not argued below. E.g., Volkswagen of America, Inc. v. Robertson, 713 F.2d 1151, 1166 (5th Cir.1983); see also Cheng v. Boeing Co., 708 F.2d 1406, 1411 (9th Cir.), cert. denied, 464 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983) (appellate court would not consider fact that Taiwanese courts did not admit suits by foreign plaintiffs where American appellants failed to raise issue to trial court weighing forum non conveniens factors). Here, James had ample opportunity to call the trial court's attention to the treaty provisions on any of the three occasions when that court was ruling on the choice of law/forum non conveniens motions. The record is bare of any reference to it. Moreover, she has not even attempted to explain or excuse this omission. Accordingly, we affirm the trial court's dismissal of her suit.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The opinion sets out in detail the facts and long procedural history of this case
 
 
 [2]
 We note that courts in other circuits have partially accepted James' interpretation of the provisions, e.g., Pain v. United Technologies Corp., 637 F.2d 775, 795-99 (D.C.Cir.1980), cert. denied, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981); Alcoa Steamship Co., Inc. v. M/V Nordic Regent, 654 F.2d 147, 152-53 (2d Cir.), cert. denied, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980); Farmanfarmaian v. Gulf Oil Corp., 588 F.2d 880, 882 (2d Cir.1978); nevertheless, despite such provisions, these courts have dismissed the suits where the balance weighs in favor of another forum